PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 09-2615

———

UNITED STATES OF AMERICA

v.

JOHN DOE,

Appellant

———

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 1-05-cr-00043-1)
District Judge:  Honorable Maurice B. Cohill, Jr.

———

Argued April 14, 2010
Before:  FISHER and COWEN, *Circuit Judges*,
and DITTER,[*] *District Judge*.

———

[*]Honorable J. William Ditter, Jr., Senior United States
District Judge for the Eastern District of Pennsylvania, sitting by
designation.

(Filed: August 16, 2010  )

Candace Cain (Argued)
Office of Federal Public Defender
1001 Liberty Avenue
1500 Liberty Center
Pittsburgh, PA  15222

Thomas W. Patton
Office of Federal Public Defender
1001 State Street
1111 Renaissance Centre
Erie, PA  16501
        *Counsel for Appellant*

Robert L. Eberhardt
Laura S. Irwin (Argued)
Office of the United States Attorney
700 Grant Street, Suite 4000
Pittsburgh, PA  15219

Marshall J. Piccinini
Office of United States Attorney
17 South Park Row, Room A330
Erie, PA  16501
        *Counsel for Appellee*

———

OPINION OF THE COURT

———

2

FISHER, *Circuit Judge*.

This appeal asks whether 18 U.S.C. § 3582(a), which forbids a district court from imposing a term of imprisonment at initial sentencing for the purpose of drug rehabilitation, restricts a district court from considering medical and rehabilitative needs when revoking a defendant's supervised release and requiring the defendant to serve the remainder of his sentence in prison. The District Court sentenced the defendant, John Doe, to 24 months of imprisonment upon revocation of his supervised release with the objective of helping him recover from his cocaine addiction. On appeal, Doe challenges the procedural and substantive reasonableness of that sentence. Because we hold that the plain language of § 3583(e) governing discretionary revocation of supervised release expressly requires consideration of medical needs, we will affirm.

**I.**

Doe[1] was indicted on September 13, 2005 for possession with intent to deliver five grams or more of crack cocaine under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(iii) and 18 U.S.C. § 2. Doe entered a guilty plea. On August 28, 2006, the District Court sentenced Doe to 30 months of imprisonment followed by 4 years of supervised release. Doe's initial sentence was a significant reduction from the Guidelines Range of 60 to 65

---

[1]The defendant's name has been changed to protect his identity.

months of imprisonment and was based in large part upon Doe's cooperation with law enforcement in other investigations, as expressed by the Government in a 5K motion.[2]

At the sentencing hearing, both the District Court and the prosecutor acknowledged that Doe had a severe addiction to cocaine. In the Judgment and Commitment Order, the District Court recommended Doe be assigned to the 500-hour drug rehabilitation program conducted by the Bureau of Prisons. In addition, the District Court ordered that, while on supervised release, Doe must not unlawfully possess or use a controlled substance and that he must submit to drug testing within 15 days of release from incarceration and at least two other times thereafter. The Order further required that Doe "participate in a program of testing and, if necessary, treatment for substance abuse as directed by the probation officer until such time as the defendant is released from the program by the probation officer," and "contribute to the cost of services for any such treatment." (App. 4.) Doe was resentenced pursuant to a sealed Rule 35(b) motion on August 1, 2007, to 12 months of imprisonment, which amounted to time served, and his 4 years of supervised release began on August 7.

While on supervised release, Doe enrolled in the Tri-State Business Institute's Academy of Cosmetology to learn to

---

[2]Under Guidelines § 5K1.1, the government may file a motion for reduced sentence in circumstances where the defendant "provided substantial assistance" to the government in an investigation.

be a barber. In a letter to Doe's probation officer, a school administrator described Doe as "a great student" who was "very dedicated" and had made the Dean's list. (Sealed App. 36.) Throughout his supervised release, Doe kept his appointments with his probation officer and participated in a mental health treatment program for his drug addiction.

Despite these positive efforts, Doe was not successful in refraining from the use of cocaine. On February 27, April 7, and April 10 of 2008, Doe submitted urine samples to his probation officer that tested positive for cocaine. In an effort to aid his rehabilitation, Doe was offered the option to waive a hearing on these violations in exchange for modification of the terms of his supervised release. He accepted this waiver, and his release was modified to include 180 days of home confinement with electronic monitoring and participation in a mental health treatment program approved by the probation officer.

The new conditions did not, however, have any substantial effect on Doe's cocaine use. On May 12, May 19, and June 3 of 2008, Doe again submitted urine samples that tested positive for cocaine. On July 2, 2008, Doe's probation officer filed a petition on supervised release in the District Court noting that Doe had submitted six cocaine-positive urine samples since the beginning of his supervised release. At the request of the probation officer, the District Court entered an order on July 7, 2008, modifying Doe's supervised release to again include 180 days of home confinement with electronic monitoring and participation in a mental health treatment program approved by the probation officer.

5

Again, the modifications did not deter Doe from his drug use. On November 4, 2008, Doe's probation officer filed a second petition on supervised release, noting Doe had submitted six more urine samples that tested positive for cocaine: July 8, September 30, October 3, October 7, October 14, and October 21 of 2008. The petition catalogs the utter failure of Doe's rehabilitative efforts:

> During the course of the defendant's supervision, he has been positive for cocaine on 18 different occasions. He has been given the opportunity of inpatient and outpatient drug treatment, and local social services of outpatient mental health, and housing assistance. The defendant was placed on the electronic monitor on July 15, 2008, which did not curb his illegal drug usage . . .

(App. 47.) The probation officer requested an order that Doe appear and show cause why his supervised release should not be revoked.

At the show cause hearing, Doe requested one more opportunity to comply with the terms of his supervised release. The government agreed, on the condition that "this is his last chance." (Sealed App. 39.) On November 24, 2008, the District Court revoked Doe's supervised release and imposed a new term of supervised release of 36 months, and placed him on electronic monitoring for six months, to run consecutively with his ongoing term of monitoring from the prior modification. (*Id.* at 40.)

Doe's "last chance" proved to be another failure. On May 6, 2009, Doe's probation officer filed a third petition on supervised release based on two more urine samples that tested positive for cocaine and Doe's admission on April 13, 2009, that he had used cocaine during the preceding weekend. The District Court again convened a show cause hearing at which Doe admitted the violations. At sentencing, the government initially argued that Doe was making "a laughing stock of our supervised release system" and that he should serve 36 months incarceration with no supervised release. (*Id.* at 46-47). Doe's counsel suggested a sentencing range of 4 to 10 months, or in any event no greater than 18 months, of incarceration followed by additional supervised release.

The District Court then revoked Doe's supervised release and imposed a sentence of 24 months of incarceration. In doing so, the judge explained:

> Well, what I am going to do here is, I am going to impose a sentence of 24 months with no supervision. I am not doing it because you – so much because you violated the law, but I am doing it in an attempt to protect you from yourself. You know, a serious addiction like that can only have one final result, and we don't want it to happen with you.

(*Id.* at 53.) Doe objected to this reasoning, noting "[t]here is Third Circuit case law that I believe stands for the proposition that you can't incarcerate someone for treatment purposes." (*Id.*)

The government then modified its request and asked that 12 months supervised release be imposed following the 24 months of incarceration and that the judge make "clear that you are not sentencing him for the purpose of keeping him clean, but in response to the violations which he committed[.]" (*Id.* at 55.) The District Court modified the sentence to include supervised release but did not substantially retreat from its rationale for the sentence, responding, "I can't say no because the sentence is certainly intended for, in part to keep him clean. But again, he wouldn't be here [] if he hadn't violated the law. So, for that dual reason, we are imposing sentence." (*Id.* at 55-56.) The District Court then imposed a 24 month sentence of imprisonment followed by 12 months of supervised release. This timely appeal followed.[3]

**II.**

This Court reviews the procedural and substantive reasonableness of a district court's sentence upon revocation of supervised release for abuse of discretion. *See United States v. Bungar*, 478 F.3d 540, 542 (3d Cir. 2007). Procedurally, the sentencing court must give "rational and meaningful consideration" to the relevant § 3553(a) factors. *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007) (en banc). Where procedural reasonableness turns on a question of statutory interpretation, we conduct plenary review of the meaning of the

[3]The District Court had jurisdiction under 18 U.S.C. § 3231. This Court has jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. §§ 3742(a)(1)-(2).

8

statute. *See United States v. Coleman*, 451 F.3d 154, 156 (3d Cir. 2006). If a sentencing court followed the appropriate procedures in imposing the sentence, we then look to whether the sentence itself was substantively reasonable. *See United States v. Cooper*, 437 F.3d 324, 330 (3d Cir. 2006). Substantive reasonableness inquires into "whether the final sentence, wherever it may lie within the permissible statutory range, was premised upon appropriate and judicious consideration of the relevant factors." *United States v. Schweitzer*, 454 F.3d 197, 204 (3d Cir. 2006). Absent procedural error, we will affirm the sentencing court "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009).

## III.

Doe's claims of procedural and substantive unreasonableness stem from essentially the same contention – that the District Court erred by considering Doe's need for drug rehabilitation in setting the length of his post-revocation imprisonment. We will address his arguments in turn.

### A.     Procedural Reasonableness

Doe contends that his sentence is procedurally unreasonable because the District Court is forbidden under 18 U.S.C. § 3582(a), 28 U.S.C. § 994(k), and our holding in *United States v. Manzella*, 475 F.3d 152 (3d Cir. 2007), from considering his need for drug rehabilitation in imposing a post-revocation term of imprisonment. Because we hold that the

plain language and operation of the statute governing post-revocation sentencing, 18 U.S.C. §§ 3583(e) and (g), permits a district court to consider medical and rehabilitative needs in imposing a term of post-revocation imprisonment, we will affirm the sentence as procedurally reasonable.

This case turns on certain pivotal distinctions between the statutes governing post-conviction sentencing and those governing post-revocation sentencing. During post-conviction sentencing, the district court sets both the term of imprisonment and the subsequent period, if any, of supervised release. 18 U.S.C. §§ 3581(a), 3583(a). The district court is directed to consider a variety of factors in imposing an appropriate post-conviction sentence, including "the need . . . to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." *Id.* § 3553(a)(2)(D). However, post-conviction imprisonment is also limited by 18 U.S.C. § 3582(a), under which sentencing courts are instructed:

> The court, in determining whether to impose a term of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in section 3553(a) to the extent that they are applicable, *recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation*.

10

(emphasis added).[4]

In *Manzella*, we were asked to resolve the apparent conflict between a district court's obligation to consider medical and rehabilitative needs under § 3553(a)(2)(D) and the prohibition on sentences of imprisonment for those same purposes under § 3582(a). 475 F.3d at 156-58. The district court in *Manzella* had imposed a post-conviction sentence of 30 months – nearly four times the maximum Guidelines range – for the express purpose of qualifying the defendant for the Bureau of Prisons 500-hour drug treatment program, pursuant to § 3553(a)(2)(D). *Id.* at 155. Considering whether this violated the limitations of § 3582(a), we held that the words "sentence" in § 3553(a) and "imprisonment" in § 3582(a) were not coterminous – "imprisonment" is merely one form of sentencing, whereas a "sentence" might include other things such as fines, restitution, or supervised release. *Id.* at 158. Thus, we held that "courts must consider a defendant's need for rehabilitation when devising an appropriate *sentence* (pursuant to § 3553(a)(2)(D)), but may not carry out that goal by

---

[4]This mirrors the mandate of § 994(k), which instructs the Sentencing Commission to "insure that the guidelines reflect the inappropriateness of imposing a sentence to a term of imprisonment for the purpose of rehabilitating the defendant or providing the defendant with needed educational or vocational training, medical care, or other correctional treatment." 28 U.S.C. § 994(k); *see also Manzella*, 475 F.3d at 158 n.2 ("§ 994(k) is a directive to the U.S. Sentencing Commission, not to sentencing courts.").

11

*imprisonment* (pursuant to § 3582(a)).” *Id.* We therefore read § 3582(a) to mean that, at initial sentencing, “defendants [may] not be sent to prison or held there for a specific length of time for the sole purpose of rehabilitation.” *Id.* at 161. Because the district court in *Manzella* extended the duration of the defendant’s imprisonment for the express purpose of drug rehabilitation, the post-conviction sentence violated the mandate of § 3582(a) and was therefore procedurally unreasonable. *Id.*

The government concedes that, if this had been Doe’s initial sentencing hearing, the sentence would be unquestionably flawed under *Manzella*. (*See* Govt. Br. 15 (noting that, if *Manzella* applied to these facts, “it is unlikely that any argument could overcome the District Court’s statements of Doe’s need for rehabilitation”).)[5] However, the government argues that the statutory restriction on extending imprisonment for purposes of rehabilitation that directed the outcome in *Manzella* does not apply in sentencing on revocation of supervised release. We agree that, although *Manzella* clearly forbade imprisonment for purposes of drug rehabilitation in post-conviction sentencing, it did not resolve the question presently before this Court. We observed in *Manzella*, in a footnote, that post-revocation sentencing “is an issue entirely different from determining what an initial sentence should be, as the revocation of supervised release is governed by 18 U.S.C. §§ 3583(e) and (g), which

---

[5]In light of this concession, we need not probe whether the District Court’s reasoning clearly evinces an intent to imprison Doe for purposes of rehabilitation. We will assume, as the parties agree, that it does.

12

mandate consideration of § 3553(a), but not of § 3582(a)." *See id.* at 160 n.4. Thus we postulated, without deciding, that post-revocation sentences might be treated differently under the statute. We now have an opportunity to resolve this question left open by *Manzella*, and, in doing so, to join our sister circuits who have held that "district courts *may* give weight to a defendant's rehabilitative needs when revoking a term of supervised release and then subsequently requiring a defendant to serve part or all of his new and potentially extended term of supervised release in prison." *United States v. Tsosie*, 376 F.3d 1210, 1214 (10th Cir. 2004) (citing *United States v. Brown*, 224 F.3d 1237, 1242 (11th Cir. 2000); *United States v. Thornell*, 128 F.3d 687, 688 (8th Cir. 1997); *United States v. Jackson*, 70 F.3d 874, 879-80 (6th Cir. 1995); *United States v. Giddings*, 37 F.3d 1091, 1096-97 (5th Cir. 1994); *United States v. Anderson*, 15 F.3d 278, 282 (2d Cir. 1994)).[6]

---

[6]We do not adopt the reasoning of the Fifth Circuit opinion in *United States v. Giddings*, 37 F.3d 1091, 1096-97 (5th Cir. 1994), to the extent that it conflicts with our holding in *Manzella*. The court in *Giddings* looked to the legislative history of § 3582(a) to conclude that its restrictions were only meant to prevent the *imposition* of sentence based on rehabilitation, as opposed to the *duration* of sentence. *Id.* at 1096 & n.17. We clearly disagreed with this approach in *Manzella*, where we held that "defendants [may] not be sent to prison *or held there for a specific length of time* for the sole purpose of rehabilitation." 475 F.3d at 161 (emphasis added). Thus, to the extent *Giddings* relies on an interpretation of § 3582(a) that we rejected in *Manzella*, it is not persuasive law

13

We begin our analysis with the language of the statute governing revocation of supervised release. Under 18 U.S.C. §§ 3583(e)(3) and (g), a district court may revoke a defendant's supervised release and sentence that defendant to serve part or all of the remainder of his sentence in prison. Revocation takes two forms: discretionary and mandatory. Section 3583(e) governs discretionary revocation. A district court may choose, "after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), *(a)(2)(D)*, (a)(4), (a)(5), (a)(6), and (a)(7)," to "revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the [underlying] offense." *Id.* § 3583(e)(3) (emphasis added). Section 3553(a)(2)(D), which Congress expressly incorporated into post-revocation sentencing considerations, permits a sentencing court to consider the need "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." *Id.* at § 3553(a)(2)(D).

Section 3583(g), on the other hand, governs mandatory revocation in the event the defendant commits one of the specified offenses, including possession of a controlled substance or failing a drug test more than three times in one year. 18 U.S.C. §§ 3583(g)(1), (4). In such case, "the court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized [by statute for the underlying offense]." *Id.* While § 3583(g) does not expressly

in this circuit.

14

require consideration of the § 3553(a) factors, it does not prohibit the sentencing court from doing so.

Although we are confident that Doe's repeated failure of drug tests qualified him for mandatory revocation under § 3583(g), it appears that the District Court proceeded under its discretionary authority pursuant to § 3583(e)(3).[7] Further there is no dispute that the District Court imposed the period of incarceration at least in part to "insure [sic] that he comes out clean." (Sealed App. 55.)  The question before us is therefore whether the admonition of § 3582(a) that "imprisonment is not an appropriate means of promoting correction and rehabilitation" precludes a district court from considering rehabilitative needs when revoking supervised release and requiring the defendant to serve the remainder of his sentence in prison.

We are not the first court to confront this question.  In *United States v. Anderson*, 15 F.3d 278 (2d Cir. 1994), the Second Circuit was faced with a district court's revocation of supervised release under § 3583(e) and imposition of a 17 month period of imprisonment based on the district court's view

---

[7]The District Court prefaced the show cause hearing by stating, "Under 18 United States Code, Section 3583(e)(3), a Court may revoke the term of supervised release if it be found by a preponderance of the evidence that the defendant violated a condition of his supervised release.  And, of course, here he has admitted these violations so the preponderance standard is satisfied." (Sealed App. 45.)

15

that the defendant required "intensive substance abuse and psychological treatment in a structured environment." *Id.* at 279. As here, the defendant claimed that this consideration violated the mandate of § 3582(a) that imprisonment not be imposed as a means of rehabilitation. Considering the interplay of the various provisions, the court reasoned:

> [Section 3583] contemplates that a district court may require a person to serve time in prison equal to the length of the term of supervised release. In determining the length of a period of supervised release, it will be recalled, a district court may consider such factors [as] the medical and correctional needs of the offender. Because those factors may be considered in determining the length of the period of supervised release and because a district court may require a person to serve in prison the period of supervised release, the statute contemplates that the medical and correctional needs of the offender will bear on the length of time an offender serves in prison following revocation of supervised release.

*Id.* at 282 (citations omitted).[8]

------

[8]The Second Circuit, in an unpublished decision, subsequently reached a different outcome without explanation or citation to *Anderson*. *See United States v. Yehuda*, 238 Fed. Appx. 712, 713 (2d Cir. 2007) (qualifying defendant for drug treatment program "is not a permissible basis for increasing . . .

16

The Eleventh Circuit in *United States v. Brown*, 224 F.3d 1237, 1240 (11th Cir. 2000), reached the same conclusion. The court affirmed a post-revocation sentence of 24 months imposed for the purpose of qualifying the defendant for the Bureau of Prisons residential drug treatment program, holding, "a court may consider a defendant's rehabilitative needs when imposing a specific incarcerative term following revocation of supervised release." *Id.* The court based its conclusion on the plain language and operation of § 3583(e)(3):

> Section 3583 contemplates that rehabilitative factors will be considered in determining the length of supervised release. Section 3583(e)(3) "expressly contemplates requiring an offender to serve time in prison equal to his or her period of supervised release, and a court may consider the medical and correctional needs of an offender in determining the length of supervised release." Therefore, it logically follows from the plain language of section 3583(e)(3) that Congress intended that a court may consider the correctional needs of a defendant in determining the length of the defendant's imprisonment after revocation of supervised release.

a term of imprisonment upon revocation of supervised release" (citing § 3582(a), § 994(k), and *Manzella*, 475 F.3d at 161)).

17

*Id.* at 1242 (quoting *Anderson*, 15 F.3d at 283).

Our reading of § 3583(e), and the deft analysis of our fellow courts of appeals, leads us to the same conclusion: Congress intended district courts to consider a defendant's medical and rehabilitative needs in determining whether to revoke supervised release and the duration of imprisonment that is appropriate upon revocation.[9] This is the most natural reading of a statute that provides for discretionary revocation conditioned upon a district court's consideration of a defendant's need for "medical care, or other correctional treatment." 18 U.S.C. § 3553(a)(2)(D); *id.* § 3583(e). This reading also comports with the operation of § 3583(c), which directs that a district court, when setting the term of supervised release at initial sentencing, "shall consider the factors set forth in [section 3553(a)(2)(D)]," including a defendant's need for "medical care, or other correctional treatment." 18 U.S.C. §§ 3583(c), 3553(a)(2)(D). Discretionary revocation under § 3583(e) permits a district court to "require the defendant to serve in prison all or part of the term of supervised release." It would thus be an odd contradiction in the statute if § 3583(c) permitted a court to consider rehabilitation in setting the term of supervised release at the initial sentencing, but forbade that same consideration – despite the express inclusion of § 3553(a)(2)(D) as a relevant post-revocation factor – once a

---

[9] *See also United States v. Hergott*, 562 F.3d 968 (8th Cir. 2009); *United States v. Pitre*, 504 F.3d 657 (7th Cir. 2007); *United States v. Crudup*, 461 F.3d 433 (4th Cir. 2006).

supervised release is violated and its duration is served in incarceration.[10]

---

[10]We are not persuaded in this regard by Doe's argument that the Supreme Court's admonition in *Johnson v. United States*, 529 U.S. 694, 701 (2000), that we must "attribute postrevocation penalties to the original conviction," requires that the substantive considerations permitted in post-conviction sentencing must similarly act as limitations on post-revocation sentencing. In *Johnson*, the Supreme Court considered whether the amendment of § 3583(h), permitting courts to require additional supervised release after the completion of post-revocation incarceration, could apply retroactively without violating the *ex post facto* clause. Thus in noting that "postrevocation penalties relate to the original offense," 529 U.S. at 700, the Court was observing that Johnson's post-revocation sentence cannot exceed the maximum penalty in place at the time of his underlying offense. The supervised release statute already provides for protection against the outcome forbidden by *Johnson* by restricting post-revocation incarceration to a term "not to exceed the maximum term of imprisonment authorized [by statute for the original offense]." 18 U.S.C. § 3583(g)(4). Nowhere does *Johnson* suggest that limitations on substantive considerations in post-conviction sentencing – such as the prohibition on imprisonment for rehabilitation in § 3582(a) – must also apply to post-revocation sentencing. We do not, therefore, read *Johnson* to require incorporation of the restrictions in § 3582(a) into post-revocation sentencing in contravention of the plain language of § 3583(e).

Accordingly, we hold that the District Court did not err in setting the duration of Doe's post-revocation incarceration based, in part, on his need for drug rehabilitation. The sentence was therefore procedurally reasonable.

## B.    Substantive Reasonableness

Although Doe principally relies on his statutory argument in challenging his post-revocation sentence, he also argues that the 24 months post-revocation incarceration and 12 months supervised release is "wildly disproportionate" and "excessive," and therefore substantively unreasonable. (Doe Br. 17.) Our review for substantive reasonableness is "highly deferential," *Bungar*, 478 F.3d at 543, and Doe bears the burden of demonstrating that "no reasonable sentencing court would have imposed the same sentence on [him] for the reasons the district court provided." *Tomko*, 562 F.3d at 568. He has failed to meet that burden here, and we will affirm the District Court's sentence as substantively reasonable.

The District Court imposed Doe's post-revocation sentence of 24 months of incarceration and 12 months of supervised release based on two principal justifications: Doe's repeated violations of the terms of his supervised release, and Doe's need for drug rehabilitation. These justifications are a reasonable application of the relevant § 3553(a) factors to the particular facts of this case. As discussed above, § 3583(e) requires consideration of the defendant's need for "medical care, or other correctional treatment." 18 U.S.C. §§ 3583(c), 3553(a)(2)(D). Doe's repeated violations of his supervised release, his admitted abuse of controlled substances, and his

20

demonstrated inability to rehabilitate himself through outpatient drug treatment led the District Court to reasonably conclude that Doe needed to be kept out of reach of the instruments of his addiction. Though, as the District Court observed, incarceration is an imperfect means to that end, it is not an unreasonable one under the statute.

Finally, we reject Doe's argument that the sentence itself is "excessive." As the District Court acknowledged, the advisory Guidelines range for Doe's post-revocation imprisonment was 4 to 10 months based on his criminal history category of II and a Grade C violation. U.S.S.G. § 7B1.4(a). However, the Guidelines provide that "[w]here the original sentence was the result of a downward departure (e.g. as a reward for substantial assistance) . . . an upward departure may be warranted." U.S.S.G. § 7B1.4, cmt. n.4. Here, Doe's Guidelines range sentence of 60 to 65 months was initially reduced to 30 months for cooperation with the government and then further reduced to 12 months, which amounted to time served. His 24 month post-revocation imprisonment was thus reasonable in light of the earlier leniency he received. The addition of 12 months of supervised release upon the conclusion of Doe's imprisonment brings his post-revocation sentence to the statutory maximum of three years. *See* 18 U.S.C. § 3583(b)(2) (limiting supervised release for Class C felonies to three years). Given the egregiousness of Doe's violations, we cannot say that no reasonable court would impose the statutory maximum.

We therefore reject Doe's challenge based on substantive reasonableness, and we will affirm the District Court's sentence.

21

## IV.  Conclusion

For the foregoing reasons, we will affirm the District Court's revocation of Doe's supervised release and imposition of a 24 month term of imprisonment followed by a 12 month term of supervised release.