NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2248
_____

UNITED STATES OF AMERICA

v.

KEVIN BLACK,
            Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
(D.C. Crim. Action No. 1-97-cr-00065-001)
District Judge: Honorable Joseph J. Farnan, Jr.
_____

Submitted Under Third Circuit LAR 34.1(a)
December 16, 2010
_____

Before: SLOVITER, GREENAWAY, JR., and GREENBERG, Circuit Judges

(Opinion Filed: January 6, 2011)
_____

OPINION
_____

GREENAWAY, JR., Circuit Judge

Appellant Kevin Black ("Black") violated his term of supervised release and was

sentenced to 24 months of imprisonment. The District Court for the District of Delaware

upwardly departed from the Sentencing Guidelines range for a Class C violation. Black claims that the District Court (1) failed to articulate its reasons for rejecting the recommended policy statements, pursuant to 18 U.S.C. § 3553(a)(5), in sentencing him above the Sentencing Guidelines range; and (2) abused its discretion in sentencing him to a substantively unreasonable period of incarceration. Black requests that this Court reverse and remand the Judgment of conviction. For the reasons explained below, we will affirm the District Court's Judgment.

## I.  BACKGROUND

We write solely for the parties and recount only the essential facts.

On December 30, 1997, Black was sentenced on one count of possession of a firearm by a felon to a 120-month term of imprisonment and three years of supervised release. At the time of Black's arrest for the firearm offense, he had an outstanding violation of probation warrant for a 1996 conviction for cruelty to animals. According to that violation report, Black had failed to report to 11 office visits before his case was returned to the court's docket. Black was ordered to serve a subsequent term of imprisonment for a state court conviction for second degree conspiracy. Black also had previous juvenile and adult convictions, including a 1994 conviction for carrying a concealed deadly weapon and a 1994 conviction for second degree assault.

Black's term of supervised release for the 1997 federal conviction started on July 28, 2009. Conditions of Black's supervised release included attending anger management group therapy as well as counseling for substance abuse. On September 19,

2009, Black left a therapy group session 15 minutes early without prior approval. Four days later, he failed to appear for a random urine screen. On September 24, 2009, the U.S. Probation office held an administrative hearing detailing Black's non-compliance with counseling. On October 22, 2009, Black once again left a group therapy session early.

On January 7, 2010, Black was shot, at a McDonald's restaurant, while riding with an "associate," Windell Hoskins. When interviewed by Wilmington Police Department detectives, Black refused to provide any descriptive information regarding his assailants, but claimed that a member of his group therapy sessions was responsible for the shooting. Black was charged with possession of a firearm and ammunition by a convicted felon in connection with the McDonald's shooting. The state court issued an arrest warrant. Subsequently, these charges were dropped.

The U.S. Marshals Service took Black into custody on January 26, 2010, after he appeared for an office appointment at probation's office. Black had $650.00 cash in his possession. Black quickly made bail, but soon after missed a scheduled office meeting on February 1, 2010. Black then absconded from supervision, missing a sufficient number of meetings with his probation officer to cause a warrant to be issued on February 16, 2010, pursuant to his violation of supervised release. On April 2, 2010, Black was arrested on the warrant. The District Court held a supervised release revocation hearing on April 20, 2010, where Black admitted to not appearing for the meetings.

3

The probation officer's sentencing memorandum indicated a Sentencing Guidelines range of 7 to 13 months based on a Grade C violation and a criminal history category of V. The statutory maximum for the violation was two years, pursuant to 18 U.S.C. § 3583(e)(3). The probation officer recommended a 12-month term of imprisonment to be followed by two years of supervised release with special conditions of drug counseling and mental health treatment.

Defense counsel requested that the Court sentence Black to no jail time, time served; or something less than the Sentencing Guidelines range; or seven months at the low end of the Sentencing Guidelines range; or one year and a day following the probation officer's recommendation. Counsel asked that the Court permit Black to move out of Delaware to Charlotte, North Carolina to "put him out of harm's way," (App. at 29), and argued that Black's past activity put him in substantial danger in Delaware. Counsel argued that relocation would allow him "out of whatever is going on in Delaware that he seems to be a part of . . . but it would also probably secure some safety in his life at this point." (Id. at 27.)

The Government recommended incarceration. (Id. at 33.) The District Court imposed a sentence of 24 months with no term of supervised release to follow.

## II.  JURISDICTION AND STANDARD OF REVIEW

The District Court had subject matter jurisdiction under 18 U.S.C. §§ 3231 and 3583(e). We have jurisdiction, pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1). Applying an abuse of discretion standard, we review a sentence imposed for violations of supervised release for reasonableness. United States v. Doe, 617 F.3d 766, 769 (3d Cir. 2010). "[W]e are to ensure that a substantively reasonable sentence has been imposed in a procedurally fair way." United States v. Levinson, 543 F.3d 190, 195 (3d Cir. 2008).

To demonstrate that a sentence is procedurally reasonable, a district court must show "meaningful consideration of the relevant statutory factors and the exercise of independent judgment[.]" United States v. Grier, 475 F.3d 556, 571-72 (3d Cir. 2007) (en banc), cert. denied, 128 U.S. 106 (2007). The Court should "respond to colorable arguments with a factual basis in the record." United States v. Merced, 603 F.3d 203, 224 (3d Cir. 2010). Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range." United States v. Tomko, 562 F.3d 558, 567 (3d Cir. 2009) (citing Gall v. United States, 552 U.S. 38, 51 (2007)). A major variance from the Sentencing Guidelines requires a more significant justification than a minor one. Gall, 552 U.S. at 50.

We will affirm a procedurally sound sentence as substantively reasonable "unless no reasonable sentencing court would have imposed the same sentence on that particular

defendant for the reasons the district court provided." Tomko, 562 F.3d at 568. We focus on the totality of the circumstances, and the party challenging the sentence bears the burden of proving the sentence's unreasonableness. Id. at 567.

### III.  ANALYSIS

Black argues that the District Court's sentence of 24 months with no term of supervised release was both procedurally and substantively unreasonable. Regarding procedure, Black argues that the District Court failed to consider the § 3553(a) factors and articulate its reasons for rejecting the Sentencing Guidelines' policy statements.

The sentencing factors enumerated in § 3553(a) for the court to consider include, among others:  "(1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need to afford adequate deterrence to criminal conduct; (4) the need to protect the public from further crimes of the defendant; and (5) the need to provide the defendant with appropriate treatment." United States v. Blackston, 940 F.2d 877, 893 (3d Cir. 1991) (citing 18 U.S.C. §§ 3553(a) and 3583(e)).

In this case, the District Court, aware of its statutory obligations, considered, but rejected, the Chapter 7 policy statements. The District Court articulated its reasoning for imposing the 24-month term of imprisonment, in full compliance with the 3553(a) factors, in part as follows:

> I'm not confident that I or anybody can understand whether you're a part of the problem in Wilmington, or if you're really trying to remove yourself from the problem.  I have some indicators, the fact that you had some cash money on you.  I understand the explanation, it was from your mom.

6

Somebody decides to shoot you sitting in a McDonald's. My experience tells me all those kinds of things contend either way. Either you're in or trying to get back in, or you're out and trying to get further out.

I don't know whether to protect you from what's going [sic] in our city or to protect the city from you. It's a very difficult decision.

As I thought about it long and hard, I think the answer for you at this time is further incarceration and then no supervised release.

If I'm protecting you, I'll feel good about it. If I'm protecting the community, I'll feel good about that. It's going to be an extensive period of incarceration.

I hope you'll take advantage of any programs that will be made available to you.

When you get out, you'll have no obligation to the government. You'll be able to go to North Carolina and do what you want to do . . .

. . . .

 I don't think you're a risk while incarcerated. . .

 . . . .

In order to do what I am doing, I have to reject the recommended policy statements. I'm stating that on the record.

I understand the policy statements, and that pursuant [sic] pursuant to Title 18, Section 3553(a)(5), I'm going to sentence you on this violation to 24 months of incarceration.

(App. at 34-35.)

Based on the record, we find that the District Court sufficiently articulated its reasons for imposing the sentence consistent with § 3553(a). The Court considered the nature and circumstances of the violation, the history and characteristics of the defendant, appropriate treatment for the defendant, and his danger to the community. After "th[inking] about it long and hard," (id. at 34), the Court decided that a longer term of imprisonment with no supervised release was warranted, in part, due to Black's history of failing to adhere to the mandates of supervised release. Following sentence, Black would have no obligation to the government. The District Court's discussion of these factors reflects its basis and reasoning for rejecting the policy statements. United States v. Kononchuk, 485 F.3d 199, 204 (3d Cir. 2007) ("[T]he district court need not discuss and make findings as to each of the § 3553(a) factors if the record makes clear that the court took the factors into account in sentencing[.]").

We also find the District Court's sentence to be substantively reasonable. Prior to absconding from supervision, Black failed to comply with the special conditions of his supervised release of mental health counseling and random urine/drug screening. Six months into his three-year term of supervised release, Black absconded from supervision. Black's probation officer was unable to make contact with him from February 1, 2010 through April 2, 2010, and Black did not surrender on the District Court's arrest warrant, after his relatives had been contacted by law enforcement.

Additionally, the District Court emphasized its concern for protecting the community. The Court concluded that the circumstances of Black's violation and his

extensive criminal record as well as his prior failures to comply with terms of supervised release and probation were sufficient cause for upwardly departing and fashioning an appropriate individualized sentence. The Court's careful consideration is not diluted by its discussion of "protecting" the defendant, which Black claims was an improper and unreasonable consideration.

## IV. CONCLUSION

We find that the District Court did not abuse its discretion. We will affirm the District Court's Judgment.