NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4104
_____

UNITED STATES OF AMERICA

v.

KELLY HARDY,

Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 09-cr-00151)
District Judge:  Honorable Nora B. Fischer
_____

Submitted Under Third Circuit LAR 34.1(a)
December 8, 2011

Before:  HARDIMAN, BARRY, *Circuit Judges* and SLOMSKY[*]*, District Judge*

(Filed: December 8, 2011)
_____

OPINION OF THE COURT
_____

[*]  The Honorable Joel H. Slomsky, District Judge for the United States District Court
for the Eastern District of Pennsylvania, sitting by designation.

HARDIMAN, *Circuit Judge*.

Kelly Hardy appeals his judgment of sentence after he pleaded guilty to three child pornography offenses. We will affirm.

I

Because we write for the parties, who are well acquainted with the case, we recount only the essential facts and procedural history. On April 16, 2009, law enforcement officers executed a search of Hardy's home and seized numerous "pairs of soiled young girls' underwear" and a large amount of electronic equipment, "including 14 desktop computers, three laptop computers, 60 hard drives, over 4,000 compact discs and digital versatile discs, and over 3,000 floppy discs, eight thumb drives, 36 zip discs, two camcorders, one Palm Pilot, one digital camera, one 35-millimeter camera, two webcams, one cellphone, and over 800 video tapes." Forensic analysis of the computers revealed thousands of images of child pornography, many of which Hardy had received and exchanged electronically. The images depicted pre-pubescent children of various ages engaged in sexual acts. Officers also accessed Hardy's sexually explicit internet chats with another man, with whom Hardy discussed "breaking into homes, raping children, killing them, and making their parents watch."

During his interview, Hardy admitted to sending and receiving child pornography through the internet. Hardy also disclosed that he had engaged in a sexual relationship with a fifteen-year-old girl named Jessica when he was twenty-two or twenty-three. The

two had numerous sexual encounters until Jessica turned eighteen. Hardy also admitted to posing as a teenager during online chats with a minor in 2004 and then arranging to meet her at a nearby store. Hardy stated that in 2007, he met a different minor at a county fair after conversing with her online. He also admitted to surreptitiously photographing a neighborhood child for sexual gratification.

Hardy pleaded guilty to transportation of child pornography, in violation of 18 U.S.C. § 2252(a)(1) (Count One); receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2) (Count Two); and possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) (Count Three). During his sentencing hearing, Hardy called Dr. Jolie Brams to testify about his psychological history and "deeply ingrained sexual urges." Because Hardy's offense level was 42 and he had no criminal history points, his applicable Guidelines range was 360 months to life. After rejecting his request for a downward variance, the Court sentenced Hardy to 360 months in prison, consisting of 240 months for Count One and 120 months for Count Two, to run consecutively.[1]

## II

We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review the procedural and substantive reasonableness of Hardy's sentence for abuse of discretion. *United States v. Doe*, 617 F.3d 766, 769 (3d Cir. 2010). A sentence is

---

[1] Because Count Three merged with Count Two for sentencing purposes, no separate penalty was imposed.

procedurally reasonable if "the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). We "conclude there has been an abuse of discretion . . . if the district court's [factual] findings are clearly erroneous," but "do not defer to a district court when the asserted procedural error is purely legal." *United States v. Wise*, 515 F.3d 207, 217 (3d Cir. 2008). Where "the district court's sentence is procedurally sound, we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Tomko*, 562 F.3d at 568.

Hardy argues that the five-level enhancement he received under USSG § 2G2.2(b)(3)(B) was predicated on the erroneous factual finding that he distributed pornographic images of children for a "thing of value," namely, other such images. Although Hardy contests the applicability of the five-level enhancement, he "does not dispute that he distributed images of child pornography to a Mississippi man or that he received images of child pornography." Hardy contends, however, that his "distribution was gratuitous" and claims that there was no evidence of a *quid pro quo* or intent to receive other images in return. As the Guidelines clarify, distribution for purposes of

4

USSG § 2G2.2(b)(3)(B) includes "bartering or other in-kind transaction, that is conducted for a thing of value, but not for profit." USSG § 2G2.2 cmt. n.1. The presentence investigation report indicates that Hardy made such exchanges. Because the conclusion that Hardy made in-kind exchanges of child pornography finds support in the record, we see no clear error in the District Court's application of the five-level enhancement.[2]

Hardy next argues that the District Court imposed a procedurally unreasonable sentence because, acting without the benefit of *United States v. Grober*, 624 F.3d 592 (3d Cir. 2010), it was not aware of its authority to grant variances on the basis of a policy disagreement with the Guidelines. We disagree. The District Court "recognize[d its] authority to vary based on policy disagreements with the sentencing guidelines" and "decline[d] to do so in this case." Our decision in *Grober* does not require district courts to disagree with USSG § 2G2.2 as a matter of policy. Noting the nature of Hardy's offense and the amount of hardware and images involved, the District Court determined that "the enhancements put into play by Congress . . . should [not] be overridden by [the] Court in this case." Because the Court treated the Guidelines as "merely advisory," and meaningfully considered the relevant sentencing factors, we cannot conclude that Hardy's sentence was procedurally unreasonable.

---

[2] Hardy notes that, at the time of his plea, the parties anticipated an offense level of 37, which included a two- rather than five-level enhancement for distribution. The District Court, however, was entitled to calculate otherwise and accepted the probation officer's recommendation of a five-level enhancement.

5

Finally, Hardy contends that his sentence was substantively unreasonable. This argument is also unpersuasive. The District Court arrived at the term of 360 months imprisonment after determining that Hardy's "escalating violent desires and the various past conduct and contact and attempts to initiate contact with minors" made recidivism "a real risk." The Court also noted that Dr. Brams "could not guarantee . . . that [Hardy] would be treatable." After a careful review of the record, it is impossible to conclude that no reasonable sentencing court would have imposed the same sentence on Hardy for the reasons provided by the District Court.

For the foregoing reasons, we will affirm the District Court's judgment of sentence.