**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
———————

No. 09-3359
———————

UNITED STATES OF AMERICA

v.

WILLIAM FRAZIER,
also known as Bilal
also known as Trayvon Scott,

William Frazier,
Appellant

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-08-cr-00179-005)
District Judge:  Hon. Paul S. Diamond

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 6, 2012

Before:  SLOVITER, VANASKIE, and GARTH, Circuit Judges.

(Filed: February 22, 2012)
———————

OPINION
———————

GARTH, Circuit Judge

     After a jury trial, Appellant William Frazier was convicted of thirty counts of bank

fraud and aiding and abetting.  The District Court imposed a sentence of ninety-six

months, and Frazier now appeals. For the reasons that follow, we will affirm Frazier's conviction and sentence.

I.

We write principally for the benefit of the parties and recite only the facts essential to our disposition.

Four individuals who all pled guilty to bank fraud testified in a jury trial that Frazier operated a check cashing scheme involving each of them. According to their testimony, Frazier would provide them with counterfeit checks, drive the others to banks to cash them, and then divide the proceeds from cashing the fraudulent checks. On some occasions, when Frazier drove the witnesses to the bank, another individual, identified as "Tone," would also be in the car, along with maps of bank locations. The witnesses also testified that Frazier took their personal information, which he used to ensure that the information on the checks would match the witnesses' identification. On the basis of this testimony, the jury convicted Frazier of 30 counts of bank fraud and aiding and abetting in violation of 18 U.S.C. § 1344 and 18 U.S.C. § 2.

On July 30, 2009, the District Court held a sentencing hearing. The District Court assessed a four-level enhancement under Sentencing Guideline 3B1.1(a) for Frazier's role as "an organizer or leader of a criminal activity that involved five or more participants" and a three-point enhancement under Sentencing Guideline 4A1.2 for Frazier having been sentenced to a term "of imprisonment exceeding one year and one month . . . within fifteen years of [Frazier's] commencement of the instant offense." The District Court concluded that Frazier's offense level was seventeen and that his offender

2

score was VI.  Under that level and score, the guideline sentence range was fifty-one to sixty-three months.  Having previously given proper notice that an upward variance might be considered, the Court imposed a sentence of ninety-six months, with that sentence being imposed concurrently on each of the 30 counts for which Frazier was convicted.  Frazier was also fined $40,000, subjected to a special assessment of $3,000, and ordered to pay $32,241.34 in restitution.  Frazier timely appealed.

II.

We have jurisdiction over Frazier's appeal of his conviction pursuant to 28 U.S.C. § 1291, and jurisdiction over his appeal of his sentence pursuant to 18 U.S.C. § 3742.  In considering a claim of insufficient evidence to support a conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Jackson v. Virginia, 443 U.S. 307, 319 (1979).

Our review of a District Court's decisions pertaining to adjustments under the Sentencing Guidelines depends on the nature of the District Court's decisions.  "Where the decision is grounded on an essentially factual basis, we defer to the district court's findings and reverse only for clear error.  However, if the alleged error is legal, the issue should be reviewed de novo."  U.S. v. Bierley, 922 F.2d 1061, 1064 (3d Cir. 1990).

We review "the procedural and substantive reasonableness of a district court's sentence . . . for abuse of discretion."  United States v. Young, 634 F.3d 233, 237 (3d Cir. 2011) (quoting U.S. v. Doe, 617 F.3d 766, 769 (3d Cir. 2010)).  For a sentence to be procedurally reasonable, "the sentencing court must give rational and meaningful

3

consideration to the relevant § 3553(a) factors." Id. Further, a sentence is procedurally unreasonable if the sentencing authority fails "to adequately explain the chosen sentence - including an explanation for any deviation from the Guidelines range." Gall v. U.S., 552 U.S. 38, 51 (2007). "Substantive reasonableness inquires into whether the final sentence, wherever it may lie within the permissible statutory range, was premised upon appropriate and judicious consideration of the relevant factors." Young, supra, 634 F.3d at 237.

## III.

On appeal, Frazier claims that: 1) the evidence introduced at trial was insufficient to sustain his conviction; 2) he is entitled to a remand for a new sentencing hearing on the basis of the District Court's four-level enhancement under Sentencing Guideline 3B1.1(a); and 3) his sentence was unreasonable. We will address each of these contentions in turn.

Frazier first contends that there was insufficient evidence to sustain his conviction. Specifically, Frazier argues that the witnesses who constituted the crux of the government's case all had self-serving reasons to testify, as they were all themselves involved in the criminal enterprise. Frazier therefore argues that their testimony is unreliable, especially insofar as it was uncorroborated by external evidence. We disagree. This court has expressly stated that "uncorroborated accomplice testimony may constitutionally provide the exclusive basis for a criminal conviction." United States v. De LaRosa, 450 F.2d 1057, 1060 (3d Cir. 1971). Where, as here, the testimony of the accomplices was, if credited, sufficient to establish the defendant's guilt, we conclude

4

that a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, supra, 443 U.S. at 319. Accordingly, Frazier's conviction was supported by sufficient evidence, and should be affirmed.

Frazier next claims that he is entitled to a new sentencing hearing because the District Court improperly imposed a four-level sentencing enhancement on the basis of his status as a "leader of a criminal activity that involved five or more participants." Frazier argues that Tone should not be counted as a "participant" in the criminal activity for which Frazier was convicted. Assuming that Tone does not qualify as a participant, Frazier argues, the criminal activity involved only the four witnesses and Frazier himself. Frazier claims that the District Court improperly included Frazier when counting the participants in the criminal activity, and that if he were not included, there would only be four participants, rendering the application of Sentencing Guideline 3B1.1(a) improper.[1]

Frazier acknowledges, however, that our decision in United States v. Colletti, 984 F.2d 1339, 1346 (3d Cir. 1992), held that a defendant himself could count as a participant for Guideline 3B1.1(a) purposes. He therefore invites us to overturn our prior decision in Colletti. We decline to do so. Pursuant to our Internal Operating Procedure 9.1, "[i]t is the tradition of this court that the holding of a panel in a precedential opinion is binding on subsequent panels. Thus no subsequent panel overrules the holding in a precedential opinion of a previous panel." There is no reason for us to revisit Colletti, and we

---

[1] Sentencing Guideline 3B1.1 provides, in relevant part: "Based on the defendant's role in the offense, increase the offense level as follows: (a) If the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by 4 levels."

5

therefore conclude that the District Court properly counted Frazier as a participant and properly imposed a four-level enhancement under Sentencing Guideline 3B1.1(a).

Frazier's final claim is that his sentence was unreasonable. Specifically, he claims that the District Court erred in granting the government's request for an upward variance from the guideline sentence range, and further claims that the sentence was unreasonable "under all of the circumstances."

Frazier first contends that the District Court's upward variance from the guideline sentence range was premised on the District Court's improper consideration of the fact that Frazier had six children and the fact that Frazier chose to proceed to trial.

Frazier's contention that the District Court penalized him for the number of his children is unsupported by the record. While the District Court did mention at sentencing that Frazier was the father of six children, there is no indication that the District Court considered this fact as a strike against him. On the face of the record, it is equally plausible that the District Court mentioned Frazier's children because of concern over the effect lengthy incarceration would have on them. In any event, there is nothing in the record to support an inference that the District Court considered the number of Frazier's children in granting an upward variance.

Frazier's claim that he was penalized for choosing to go to trial is equally without merit. The comments upon which this claim is premised concern Frazier's own statements disputing his guilt at the time of sentencing. A "sentencing judge properly may consider the defendant's amenability to rehabilitation and expressions of remorse for the crime committed when the judge selects an appropriate sentence." United States v.

6

Rosenberg, 806 F.2d 1169, 1179 (3d Cir. 1986). It was therefore proper for the District Court to consider Frazier's own statements disputing his guilt. The upward variance was plainly based on appropriate factors under 18 U.S.C. § 3553 (a), and there is no reason to believe that the District Court considered any additional impermissible factors.

Having concluded that the upward variance was procedurally reasonable, we now turn to Frazier's claim that his sentence "was unreasonable under all of the circumstances." We view this as a claim that his sentence was substantively unreasonable. Frazier does not allege any specific unreasonableness. Instead, he simply observes that his sentence was significantly greater than the guidelines range, and suggests that such a lengthy sentence is retributive.

"[I]t is not the role of an appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence." Solm v. Helm, 463 U.S. 277, 290 n. 16 (1983). In reaching its final sentence, the District Court considered Frazier's lengthy criminal history, repeated violations of probation and parole, threats to witnesses, refusal to cooperate with his probation officer, and lack of rehabilitation from previous sentences. On such a record, we cannot conclude that "no reasonable sentencing court would have imposed the same sentence on [Frazier] for the reasons the district court provided." U.S. v. Tomko, 562 F.3d 558, 568 (3d Cir. 2009). We will affirm Frazier's sentence.

IV.

Because we conclude that Frazier's conviction was supported by sufficient evidence, that his offense level was properly determined, and that his sentence was not unreasonable, we will affirm his conviction and sentence.