NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2688
_____

UNITED STATES OF AMERICA,

v.

MARCELLUS BARFIELD,
Appellant.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 07-cr-00583)
District Judge: Honorable Legrome Davis
_____

Submitted Under Third Circuit L.A.R. 34.1(a)

May 22, 2012

Before: RENDELL, FUENTES and HARDIMAN, *Circuit Judges*

(Opinion Filed: June 26, 2012 )


FUENTES, *Circuit Judge*.

In this appeal, we are asked to consider the reasonableness of Marcellus Barfield's sentence of 36 months' imprisonment for violation of his supervised release. For the reasons set forth below, we will affirm.

1

**I.**

Because we write primarily for the parties, we set forth only the facts and procedural history relevant to our conclusion.

On November 15, 2002, Marcellus Barfield pleaded guilty to conspiracy to commit armed bank robbery, armed bank robbery, and using or carrying a firearm during and in relation to a crime of violence. The District Court sentenced him to 72 months' imprisonment, five years' supervised release, and a $300 special assessment.

After serving the imprisonment portion of his sentence, Barfield began his first term of supervised release on July 1, 2008. On December 17, 2008, his probation officer filed a petition for revocation of supervised release, alleging that Barfield failed to appear for scheduled appointments and drug tests, tested positive for drug use, failed to report for counseling sessions, and failed to make restitution payments. App. 13-14. On January 20, 2009, Barfield was arrested by the Delaware State Police for possession of marijuana, criminal impersonation, driving without a driver's license, and failure to have a driver's license. App. 17. These charges were added to an amended violation report and submitted to the Court. When Barfield failed to appear for his hearing on February 3, 2009, the Court issued a bench warrant for his arrest. At the rescheduled revocation hearing on November 30, 2009, the District Court revoked Barfield's supervised release and imposed a sentence of 10 months' imprisonment to be followed by 36 months' supervised release. It further ordered that Barfield serve the first six months of release in a halfway house.

Barfield's second term of supervised release began on August 20, 2010 at the Kintock Residential Re-Entry Facility.  Despite orders to remain there for six months, Barfield left the facility after only two days.  App. 55.  His probation officer filed another violation petition, which was subsequently amended to include his failure to report for scheduled appointments, notify his probation officer of a change in residence, and make scheduled restitution payments.  App. 58-59.  Before a hearing was scheduled, Barfield was arrested in Delaware County on December 2, 2010.  He pleaded guilty to fleeing a police officer, possession of a controlled substance, and driving with a suspended license.  He was sentenced by the state court to 5 to 23 months' imprisonment.  App. 68.

Upon completion of his state sentence, Barfield appeared at a second revocation hearing on June 9, 2011.  At the hearing, Barfield admitted to all five alleged violations.  The Guidelines range for Barfield's offenses was 18 to 24 months, with a statutory maximum of 50 months.  After explaining that the trust it placed in Barfield at the first revocation hearing was "not well-placed," the District Court revoked his supervised release and sentenced him to 36 months' imprisonment.  Barfield timely appealed.

**II.**

We review the District Court's sentence for procedural and substantive reasonableness under an abuse of discretion standard.[1]  *United States v. Doe*, 617 F.3d 766, 769 (3d Cir. 2010).  We must give due deference to the District Court's judgment because "[t]he sentencing judge has access to, and greater familiarity with, the individual

_____

[1]  The District Court had jurisdiction pursuant to 18 U.S.C. §§ 3231 and 3583(e). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

3

case and the individual defendant before him." *United States v. Gall*, 552 U.S. 38, 51-52 (2007) (citations and internal quotation marks omitted).

Barfield bears the burden of showing unreasonableness. We will affirm the sentence unless Barfield sufficiently establishes that "no reasonable sentencing court would have imposed the same sentence on [him] for the reasons the district court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc). This is an extremely high bar. Even if we might reasonably have concluded that a different sentence was appropriate, we may not supplant the District Court's judgment with our own. *Gall*, 552 U.S. at 51.

Having reviewed the parties' submissions and the District Court's reasons for sentencing Barfield above the Guidelines range, we conclude that his sentence is both procedurally and substantively reasonable.[2]

As the record reflects, the District Court focused primarily on Barfield's breach of trust as the justification for the sentence it imposed. Barfield asserts that the Court's emphasis on breach of trust is inappropriate, but this Court has explained that "a district court's primary consideration in handing down a revocation sentence is the defendant's breach of trust." *United States v. Dees*, 467 F.3d 847, 853 (3d Cir. 2006). Moreover, while the District Court did emphasize Barfield's breach of trust, it also considered the other sentencing factors outlined in 18 U.S.C. § 3553(a). For example, with respect to deterrence, the Court explained that it had given Barfield multiple opportunities to

---

[2] On appeal, Barfield does not assert a claim of procedural error. Nevertheless, we have considered the procedural reasonableness of Barfield's sentence, and conclude that any such claim would be without merit.

4

demonstrate better behaviors, but that he seemed either "unwilling or unable" to satisfy the terms of supervised release. App. 112. The Court also considered Barfield's personal circumstances, but found that they failed to outweigh his "utter and complete lack of effort." *Id.* at 113. Indeed, the sentencing judge stated that Barfield "fundamentally misunderst[ood] the nature of Court supervision of an offender" and had an "unwilling" state of mind towards rehabilitation. *Id.* at 114.

Ultimately, the Court handed down a term of imprisonment of 36 months. This sentence was 12 months higher than the top of the range, and 14 months lower than the statutory maximum. As Barfield had demonstrated his inability to comply with supervised release, the District Court decided to convert Barfield's prior term of supervised released into a term of imprisonment. It felt that this sentence was "sufficient, but not greater than necessary" to meet the goals of sentencing, 18 U.S.C. § 3553(a), and we do not think that the District Court's judgment was unreasonable.

## III.

For the foregoing reasons, we will affirm the sentence imposed by the District Court.