NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2580
_____

UNITED STATES OF AMERICA

v.

SADIEL GONZALEZ,
Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(Crim. Action No. 09-cr-709)
District Judge: Honorable Katharine S. Hayden
_____

Submitted Under Third Circuit LAR 34.1(a)
June 7, 2012
_____

Before: SCIRICA, GREENAWAY, JR., and COWEN, *Circuit Judges*.

(Opinion Filed: July 31, 2012)
_____

OPINION
_____

GREENAWAY, JR., *Circuit Judge*.

Appellant Sadiel Gonzalez ("Gonzalez") appeals the sentence imposed by the

District Court following a guilty plea for possessing with intent to distribute 100 grams or

more of heroin. Gonzalez argues that the District Court erred by not granting his motion

seeking a downward variance from the applicable career offender range called for by the Sentencing Guidelines. For the reasons that follow, we will affirm the District Court's sentence.

## I.   BACKGROUND

Because we write primarily for the benefit of the parties, we recount only the essential facts.

On October 18, 2010, Gonzalez pled guilty to one count of distributing and possessing with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 841(a). Based on the circumstances of Gonzalez's crime and his status as a career offender, the Sentencing Guidelines suggested a range of 188 to 235 months of imprisonment. Gonzalez did not contest his designation as a career offender. Instead, Gonzalez requested that the District Court grant a downward variance from the career offender sentencing range.

On June 1, 2011, Gonzalez appeared before the District Court for sentencing. The District Court declined Gonzalez's request for a downward variance but sentenced Gonzalez to 188 months in prison—the bottom end of the career offender range. Gonzalez filed a timely appeal of his sentence.

## II.   JURISDICTION AND STANDARD OF REVIEW

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

We review a sentence for substantive reasonableness under an abuse of discretion standard. *United States v. Tomko*, 562 F.3d 558, 567-68 (3d Cir. 2009) (en banc).

2

### III. ANALYSIS

Gonzalez conceded that his criminal history placed him within the ambit of career offender status and that, as a result of this designation and the nature of his crime, the Sentencing Guidelines recommended a range of 188 to 235 months of imprisonment. The only issue on appeal is whether the District Court's sentence was rendered substantively unreasonable when the District Court denied Gonzalez's motion for a downward variance. We conclude that the District Court properly exercised its discretion in denying Gonzalez's motion.

An inquiry into the substantive reasonableness of a sentence asks "whether the final sentence, wherever it may lie within the permissible statutory range, was premised upon appropriate and judicious consideration of the relevant [18 U.S.C. § 3553(a)] factors." *United States v. Doe*, 617 F.3d 766, 770 (3d Cir. 2010) (quoting *United States v. Schweitzer*, 454 F.3d 197, 204 (3d Cir. 2006)). "Absent procedural error, we will affirm the sentencing court 'unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided.'" *Id.* (quoting *Tomko*, 562 F.3d at 568). The party challenging the sentence bears the burden of demonstrating unreasonableness. *Tomko*, 562 F.3d at 567.

Applying this standard, we discern no abuse of discretion in the sentence imposed. The sentencing colloquy evidences that the District Court was thorough in its consideration of the § 3553(a) factors. During the sentencing colloquy, the District Court took note of Gonzalez's lengthy criminal history:

3

> [H]e's kind of like a walking crime zone when he's in the neighborhoods that he's in . . . . He has a significant record. . . . So it's never really peaceful around Mr. Gonzalez when he's on the street.
>
> . . . .
>
> Mr. Gonzalez is not one of these Sad Sack's that very often the Court has before it, who is so low level and so muddled in his life that heavy street crimes are all of the kind the offender knows.
>
> . . . .
>
> Mr. Gonzalez is far more high functioning as a human being, as a drug seller, and as a criminal unfortunately.

(App. 48.) The District Court found that it could not "in good conscience, given the responsibilities of sentencing[,] say that Mr. Gonzalez warrants a variance from the harshness of a career offender status designation." (App. 49.) The District Court concluded that the bottom end of the sentencing range "is sufficient but not more than necessary to accomplish the goals of sentencing, which is just punishment for a life spent committing crime after crime after crime, selling drugs, serious drugs and profiting from it." (App. 49.)

We find no merit to Gonzalez's argument that the District Court failed to give sufficient weight to certain mitigating factors in the § 3553(a) analysis—Gonzalez's learning disability, traumatic relocation to America from Cuba at a young age, medical ailments resulting from being shot, and the violent death of his uncle—warranting a downward variance. To the contrary, the District Court acknowledged Gonzalez's troubled past and was candid about the difficulties he has faced obtaining gainful

4

employment given his extensive criminal history. But the District Court noted that Gonzalez was not merely a victim of circumstances beyond his control. Specifically, as the District Court determined, Gonzalez made a conscious decision to engage in "a life of persistent criminality on a fairly regular basis in spite of regular visits to state prisons and federal prison." (App. 48.)

Because the District Court properly considered the § 3553(a) factors, the District Court did not abuse its discretion by declining to grant a downward variance from the career offender range.

## IV.   CONCLUSION

For the foregoing reasons, we will affirm the District Court's sentence.