NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2775
No. 11-2810
_____

UNITED STATES OF AMERICA

v.

CHARLES E. BROWN, III,

Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Nos. 09-cr-00079 & 05-cr-00012)
District Judge:  Honorable Alan N. Bloch
_____

Submitted Under Third Circuit LAR 34.1(a)
May 24, 2012

Before:  RENDELL, FUENTES and HARDIMAN, *Circuit Judges*.

(Filed: May 31, 2012)
_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

Charles E. Brown, III, appeals the District Court's judgment of sentence upon

1

revocation of supervised release. We will affirm.

I

Because we write for the parties, who are well acquainted with the case, we recite only the essential facts and procedural history.

In 2005, Brown pleaded guilty to possession with intent to distribute fifty grams or more of crack cocaine. He was sentenced to 121 months' imprisonment and five years of supervised release. The District Court later reduced the term of imprisonment to sixty months. In 2009, while serving that sentence at a Pittsburgh halfway house, Brown escaped. After he was apprehended, Brown pleaded guilty to escape from federal custody and was sentenced to a year and a day of imprisonment, to be served consecutively to the remainder of his term of imprisonment from the 2005 conviction, and two years of supervised release, to be served concurrently with his original five-year term of supervised release. In December 2010, Brown was released from prison and began serving his terms of supervised release.

Shortly thereafter, Brown's probation officer filed a petition alleging that Brown had violated two supervised release conditions, namely his obligations not to commit another crime and to refrain from consuming alcohol. Specifically, the petition referenced a January 10, 2011, meeting between the officer and Brown, during which the officer detected "a strong odor of alcohol emanating from [Brown]." (App. 151.) In addition, with respect to both violations, the petition noted a February 5, 2011, incident

2

that ended in Brown's arrest for possession of cocaine with intent to distribute, possession of drug paraphernalia, public intoxication, open lewdness, and obscene public display.

Brown denied the allegations and the District Court held a hearing. Only one witness, City of Jeannette Police Officer Justin Scalzo, testified. Officer Scalzo stated that he and his partner were dispatched to Ketter's Restaurant on February 5. When he arrived, he observed Brown sleeping in a booth. As Officer Scalzo attempted to wake Brown, he smelled "a strong odor of alcohol." (App. 161.) Brown had difficulty leaving the booth, staggered, and with slurred words admitted to drinking. The officers arrested Brown, and a search of his pockets yielded $226 in cash and two plastic baggies containing a white substance that later was determined to be cocaine.

Officer Scalzo also described his conversations with the waitresses at the restaurant. They had called the police because they observed a woman performing oral sex on Brown in the booth. Upon defense counsel's objection, the District Court said it would not consider Officer Scalzo's hearsay testimony regarding that lewd act. Notwithstanding the objection, on cross-examination defense counsel elicited testimony regarding the waitresses' observations of a woman touching Brown near his pants.

The District Court found that Brown had committed both charged violations. The Court concluded that Brown had committed the state crimes of possession with intent to deliver powder cocaine, possession of drug paraphernalia, and public intoxication, as well as the federal offense of possession with intent to distribute, each of which violated the

3

first condition of his supervised release that he not commit another crime. The possession-with-intent-to-distribute findings made the first charged violation a Grade A violation. *See* USSG § 7B1.1(a). In addition, the Court found that Brown violated the second condition of his supervised release, which prohibited the consumption of alcohol, because of the suggestion of alcohol use on both January 10 and February 5. Citing USSG § 7B1.3(a)(1) and 18 U.S.C. § 3583(g), the Court noted it was required to revoke Brown's term of supervised release based on the violations. The Court calculated a Guidelines range of 37 to 46 months and, after receiving argument from counsel, sentenced Brown to 46 months' imprisonment, comprised of consecutive sentences of 18 months and 28 months on his second and first underlying convictions, respectively. The Court expressly decided not to impose an additional period of supervised release.

Brown timely filed a notice of appeal.

## II

### A

Brown first contends that the evidence was insufficient to support at least some of the findings supporting the violations. A district court may revoke supervised release if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). Revocation is mandatory where the defendant "possesses a controlled substance." 18 U.S.C. § 3583(g)(1). We review the District Court's revocation of a defendant's supervised release for abuse of discretion,

4

analyzing the Court's conclusions of law *de novo* and its factual findings for clear error. *United States v. Maloney*, 513 F.3d 350, 354 (3d Cir. 2008).

In particular, Brown asserts that the evidence was insufficient to prove he knowingly possessed cocaine with intent to distribute. He argues that he never admitted to it, and that because a woman had access to his trousers shortly before he was found sleeping in the booth, she could have planted the cocaine. This theory is plausible, but the District Court was by no means obliged to credit it. Cutting deeply against Brown's theory are several other facts, including that $226 in cash was found in Brown's pockets next to the cocaine, that Brown had no use paraphernalia on him, and that the only concrete evidence of possession was that the drugs were found in Brown's pocket. Based on the totality of the evidence, the District Court permissibly found by a preponderance of the evidence that Brown had possessed the cocaine with intent to distribute.

Brown also argues that there was no evidence of his possession of drug paraphernalia on February 5 or of his consumption of alcohol before the January 10 meeting with his probation officer. Indeed, the record contradicts the District Court's finding regarding drug paraphernalia; Officer Scalzo testified that he found no paraphernalia on Brown. And although the petition filed by the probation officer alleged that Brown consumed alcohol prior to their January 10 meeting, no evidence was introduced at the hearing regarding that meeting. Therefore, these two findings by the District Court were erroneous. But these errors ultimately were harmless with respect to

5

the finding that Brown violated both conditions of his supervised release.  As reflected in the discussion above, there was ample evidence to conclude that Brown both committed another crime and consumed alcohol on February 5.  We discuss below the import of these errors to the sentencing analysis.

B

Brown next contends that his sentence is both procedurally and substantively unreasonable.  Having resolved against Brown the sufficiency challenge to the Grade A violation of possession with intent to distribute a controlled substance, there is no dispute that the Guidelines range of 37 to 46 months was properly calculated.  Consequently, Brown's reasonableness arguments can attack only the District Court's final analysis in determining an appropriate sentence.

We review the reasonableness of the Court's sentence following revocation of supervised release for abuse of discretion.  *United States v. Doe*, 617 F.3d 766, 769 (3d Cir. 2010).  Procedural reasonableness requires "the sentencing court [to] give 'rational and meaningful consideration' to the relevant § 3553(a) factors."  *Id.* (quoting *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007) (en banc)).  "Substantive reasonableness inquires into 'whether the final sentence, wherever it may lie within the permissible statutory range, was premised upon appropriate and judicious consideration of the relevant factors.'"  *Id.* at 770 (quoting *United States v. Schweitzer*, 454 F.3d 197, 204 (3d Cir. 2006)).

Brown claims that because the District Court erred in finding that he committed the crime of possession of drug paraphernalia and further erred in concluding that he violated the alcohol-prohibition condition of his supervised release based on the January 10 meeting with his probation officer, the sentence of 46 months was "based on clearly erroneous facts." *Gall v. United States*, 552 U.S. 38, 51 (2007).

We reject this argument because it is unsupported by the record. After hearing argument from counsel, the District Court appropriately provided its reasons for reaching its sentence. The Court expressed its concern with Brown's escape from custody, recidivism in drug dealing within weeks of his release, and failure to appear at the originally scheduled time for the hearing on his supervised release violations. Based on these facts, the Court found that Brown was "not amenable to supervised release and only a substantial sentence of incarceration will adequately provide deterrence and protect the public from [his] unlawful activity." (App. 179.) The Court then sentenced Brown and noted that the § 3553(a) factors supported that sentence.[1]

Thus, the sentencing transcript reveals that the Court did not rely upon the January 10 meeting with the probation officer or the possession of drug paraphernalia. As Brown candidly acknowledges, the Grade A violation "drove the sentence ultimately imposed."

---

[1] To the extent Brown complains that the District Court did not adequately consider the § 3553(a) factors, we reiterate our previous observation that cases involving mandatory revocation pursuant to § 3583(g) do "not expressly require consideration of the § 3553(a) factors," *Doe*, 617 F.3d at 772, even though such consideration remains a best practice.

(Brown's Br. 23; Reply Br. 7.)  In short, we see no abuse of discretion because the District Court did not base its sentence on the erroneous findings.

Nor do we see any merit in Brown's contention that his sentence was substantively unreasonable.  The high-end-of-the-Guidelines sentence reflected the Court's view that lesser sentences had been ineffective to deter Brown from unlawful conduct.  We agree, and accordingly cannot say that "no reasonable sentencing court would have imposed the same sentence on [Brown] for the reasons the [D]istrict [C]ourt provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc).

III

For the foregoing reasons, we will affirm the judgment of the District Court.