NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2608
_____

UNITED STATES OF AMERICA

v.

CARLOS JACKSON-ESCOLASTICO,
a/k/a Carlito,
a/k/a Gillermo Sanchez-Martinez,
a/k/a J.M.R.,
a/k/a CACU

Carlos Jackson-Escolastico,

Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 10-cr-00502)
District Judge:  Honorable Juan R. Sanchez
_____

Submitted Under Third Circuit LAR 34.1(a)
July 10, 2012

Before:  FUENTES, HARDIMAN, and ROTH, *Circuit Judges*.

(Filed:  July 24, 2012)
_____

OPINION OF THE COURT
_____

1

HARDIMAN, *Circuit Judge*.

Carlos Jackson-Escolastico (Jackson) appeals his judgment of sentence after pleading guilty to making false statements within the jurisdiction of a federal agency. We will affirm.

I

Because we write for the parties, who are well acquainted with the case, we recite only the essential facts and procedural history.

An undocumented immigrant and registered confidential source for Homeland Security Investigations (HSI), Jackson was deactivated in November 2009 for making false statements to the agency concerning his complicity in a conspiracy to rob drug dealers in Philadelphia. In August 2010, Jackson was charged in an information with making a false statement within the jurisdiction of HSI in violation of 18 U.S.C. § 1001. He pleaded guilty pursuant to a written plea agreement, in which he stipulated that he had committed other crimes—including robbery and heroin distribution—while acting as a confidential informant. The plea agreement allowed both parties to seek a departure or variance under the United States Sentencing Guidelines.

At sentencing, the District Court rejected Jackson's objections to the presentence investigation report (PSR) and adopted the PSR's calculation of the Guidelines range at 33 to 41 months, based on a total offense level of 17. The Court then varied upward,

imposing a sentence of 60 months' imprisonment, three years of supervised release, and a special assessment of $100. Jackson timely appealed.

## II

We have jurisdiction under 28 U.S.C. § 1291 and review Jackson's sentence pursuant to 18 U.S.C. § 3742(a). We review the procedural and substantive reasonableness of Jackson's sentence for abuse of discretion. *United States v. Doe*, 617 F.3d 766, 769 (3d Cir. 2010). Procedural reasonableness requires "the sentencing court [to] give 'rational and meaningful consideration' to the relevant [18 U.S.C.] § 3553(a) factors." *Id.* (quoting *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007) (en banc)). "Substantive reasonableness inquires into 'whether the final sentence, wherever it may lie within the permissible statutory range, was premised upon appropriate and judicious consideration of the relevant factors.'" *Id.* at 770 (quoting *United States v. Schweitzer*, 454 F.3d 197, 204 (3d Cir. 2006)).

Jackson first argues that the District Court erred by imposing an "unnecessary, unreasonable and overly severe" term of imprisonment, and he claims that the District Court unduly emphasized some § 3553(a) factors over others. Insofar as this constitutes a challenge to the procedural reasonableness of his sentence, we find it unpersuasive; the sentencing transcript indicates that the Court properly considered all relevant factors. Nor do we find any merit in Jackson's contention that his sentence was substantively unreasonable. As the District Court noted, Jackson's false statements not only made

3

prosecution of the robbery conspiracy more time-consuming and ultimately led to the issuance of an incorrect indictment, but they also jeopardized the safety of the investigating agents. The District Court's decision to vary above the Guidelines range based on Jackson's criminal history and the seriousness of his offense reflects its view that a lesser sentence would not deter him from unlawful conduct. We agree with the District Court that Jackson's offense was worse than the typical violation of 18 U.S.C. § 1001. Moreover, Jackson's criminal history—which includes identity theft, false representation of United States citizenship, robbery, and drug distribution—supports the District Court's conclusion that Jackson represents a continuing threat to public safety. Accordingly, we cannot say that "no reasonable sentencing court would have imposed the same sentence on [Jackson] for the reasons the district court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc).

## III

Jackson also argues that the District Court erred by imposing a sentence of supervised release. The Government concedes that Jackson's appellate waiver does not bar him from challenging his term of imprisonment but argues that the waiver prevents us from reviewing the reasonableness of his supervised release. Because we must consider Jackson's appeal of his above-Guideline sentence, we choose not to determine whether the term of supervised release falls within the ambit of his appellate waiver. Even giving Jackson the benefit of the doubt by assuming that he has not waived this argument, we

4

readily conclude that, in light of Jackson's extensive criminal history, the District Court did not abuse its discretion in imposing three years of supervised release. Therefore, we will affirm Jackson's judgment of sentence in its entirety.