NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2588
_____

UNITED STATES OF AMERICA

v.

WALIK GRIGGS,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3-99-cr-00584-001)
District Judge:  Honorable Mary L. Cooper

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 14, 2012

Before:  RENDELL, FUENTES, and CHAGARES, *Circuit Judges*.

(Filed: December 14, 2012)

_____

OPINION OF THE COURT

_____

FUENTES, *Circuit Judge*:

In this appeal, we are asked to consider the reasonableness of Walik Griggs's sentence of 23 months' imprisonment, imposed consecutive to his state sentence, for a violation of his supervised release. For the reasons set forth below, we will affirm.

# I.

Because we write primarily for the parties, we set forth only the facts and procedural history relevant to our conclusion.

In October 1999, Walik Griggs pleaded guilty to possession of a firearm by a convicted felon. The District Court sentenced him to a 115 months term of imprisonment, three years of supervised release, a fine, and a special assessment. After serving the imprisonment portion of his sentence, Griggs began to serve a three-year period of supervised release.

Six months into his supervised release, the U.S. Probation Department petitioned the District Court for a warrant for Griggs's arrest based on violations of the conditions of his supervised release, including association with convicted felons, failure to comply with drug testing, and falsification of monthly supervision reports. Griggs was arrested and held until his violation hearing on November 17, 2008. Griggs was found guilty of violating two of his conditions of supervised release, and he was sentenced on November 18, 2008 to the 26 days he had served. The District Court also re-imposed Griggs's original three-year term of supervised release with an added condition prohibiting gang associations.

After Griggs failed to reside at his claimed address, notify the Probation Department of a change of address, or make efforts to obtain employment, the Probation Department petitioned the District Court in February 2009 to modify the conditions of Griggs's supervised release to impose four months of home confinement and electronic monitoring. The District Court granted the petition and ordered the modification.

2

Nevertheless, less than a month later, on March 10, 2009, while subject to home confinement, Griggs was arrested by New Jersey state police officers in conjunction with a high-speed chase. He was charged with aggravated assault, eluding police with a motor vehicle, reckless endangerment, obstruction of administration of law, possession of marijuana, driving while intoxicated, possession of a controlled dangerous substance in a motor vehicle, reckless driving, open container, speeding, and a myriad of other motor vehicle violations. Again, the Probation Department petitioned the District Court for a warrant for Griggs's arrest, based on violations of his supervised release, this time for the commission of another crime. The Probation Department then lodged a detainer with the correctional facility where Griggs was held, requiring that he be turned over to the court upon the conclusion of his state sentence. Griggs ultimately pleaded guilty in New Jersey court to eluding police and driving while intoxicated, among other offenses, and he was sentenced to a seven-year term of imprisonment.

On June 1, 2012, Griggs pleaded guilty to violating the conditions of his supervised release based on the commission of another crime, due to the March 2009 offense. During the plea hearing, the District Court conducted a thorough colloquy during which it confirmed that Griggs understood that the statutory maximum term of imprisonment was 24 months and that the sentence could be imposed either consecutively or concurrently with any state sentence, but that the decision to impose the sentence consecutively was entirely within the District Court's discretion and was recommended by the United States Sentencing Guidelines (the "Guidelines"). Griggs stated that he understood these facts. **(App. 34, 41, 52-53.)** The District Court then conducted the

3

sentencing hearing, where Griggs argued for a concurrent sentence because "a punishment ha[d] been administered" and "there's no further punishment that would be required." **(App. 84, 86-87.)** The Government argued for a consecutive sentence based on the Sentencing Commission's "very strong position" on the issue and that sentencing concurrently in this matter "would render supervised release a toothless tiger," by giving Griggs "a free pass . . . on his violation of supervised release." **(App. 79.)** After calculating the advisory Guideline range of 30 to 37 months, which exceeded the 24-month statutory maximum, and recognizing the Guidelines' strong policy in favor of consecutive sentences, the District Court considered the relevant factors under 18 U.S.C. § 3553(a).

The District Court carefully evaluated the arguments of both parties, Griggs's expressions of remorse, the conditions of his confinement in state custody, which Griggs argued warranted leniency, the conflicts between Griggs and his probation officer, and the sentence that Griggs was serving for his state conviction. The Court also considered the dangerous situation created by the underlying conduct and Griggs's significant criminal history since the age of 12. The Court found particularly relevant Griggs's frequent earlier violations of supervised release that occurred over a short period of time and that the Court had previously sentenced Griggs leniently based on his statements of remorse. The Court then sentenced Griggs to 23 months of imprisonment to run consecutively with his state sentence and declined to impose further supervision, finding that Griggs was not a good candidate for supervised release based on his three violations. Griggs timely appealed.

## II.

### A.

The District Court had jurisdiction pursuant to 18 U.S.C. §§ 3231 and 3583(e). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

Our first step in reviewing the reasonableness of a sentence is to determine whether the District Court committed a significant procedural error, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc) (citations and internal quotation marks omitted). If the District Court's procedure is satisfactory, then at the second step, we must consider the sentence's substantive reasonableness, requiring us "not to focus on one or two factors, but on the totality of the circumstances." *Id.* Griggs, as the party challenging the sentence, has the burden of demonstrating unreasonableness. *See id.*

An abuse-of-discretion standard of review applies to both inquiries. *United States v. Doe*, 617 F.3d 766, 769 (3d Cir. 2010). "[I]f the district court's sentence is procedurally sound, we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Tomko*, 562 F.3d at 568. We will also give "due deference" to the District Court's evaluation of the § 3553(a) factors because "[t]he sentencing judge has access to, and greater familiarity with, the individual case and the individual defendant before him."

*United States v. Gall*, 552 U.S. 38, 51-52 (2007) (citations and internal quotation marks omitted).

B.

On appeal, Griggs argues that the District Court's imposition of a consecutive sentence of 23 months of imprisonment is greater than necessary to fulfill the goals of specific deterrence and public protection. Having reviewed the parties' briefs, the record, and the District Court's reasons for sentencing Griggs to a 23-month consecutive sentence, we conclude that Griggs's sentence is both procedurally and substantively reasonable.

The District Court properly calculated the Guidelines range of 30 to 37 months, recognized that it exceeded the statutory maximum of 24 months, and then considered the relevant § 3553(a) factors, finding particularly relevant § 3553(a)(1), which considers the nature and circumstances of Griggs's offense and his history and characteristics. It noted Griggs's extensive criminal history and his earlier violations of supervised release over a very short time period. The Court also recognized that it had previously been "persuaded by his protestations of remorse and assertions of rehabilitation and resolve" to impose lenient sentences. (App. 103.) Another factor considered was the seriousness of the underlying state offense, which occurred during a time period in which Griggs was subject to home confinement. (App. 96, 100.) In the end, the District Court found that a 23-month consecutive sentence would promote adequate deterrence of other crimes by Griggs and protect the public from future crimes by him, while ensuring that it was no

more restrictive or punitive than necessary to achieve those goals. We are satisfied that the District Court's procedure was reasonable.

Furthermore, the sentence was substantively reasonable. A violation of supervised release is a "breach of the Court's trust." *United States v. Dees*, 467 F.3d 847, 853 (3d Cir. 2006). Here, Griggs had over a short period of time repeatedly breached the Court's trust by violating the conditions of his supervised release. As Griggs had demonstrated his inability to comply with the conditions of his supervised release, the Court did not abuse its discretion in deciding that the 23-month sentence be served consecutively to Griggs's state sentence.

Griggs also argues that the District Court erred in failing to discuss his need for vocational, educational, and substance abuse rehabilitation. However, Griggs failed to raise this issue at the time of sentencing, and "[i]t is 'not incumbent on the District [Court] to raise every conceivable relevant issue on [its] own initiative' during sentencing." *United States v. Merced*, 603 F.3d 203, 215 (3d Cir. 2010) (quoting *Gall v. United States*, 552 U.S. 38, 54 (2007)).

Finally, Griggs argues that a two-year delay between his violation and his revocation hearing rendered his sentence unreasonable. Within days of Griggs's violation, the United States Marshals Service lodged a detainer against Griggs at state facility where he was held, advising him that it would retain custody upon his release from the state facility. Revocation hearings are not criminal prosecutions, and "the full panoply of rights due a defendant" do not apply. *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972). However, because supervised release revocation hearings do infringe on liberty

7

interests, limited protections under the Due Process Clause apply. *Id.* at 484-90; *see also United States v. Poellnitz*, 372 F.3d 562, 570 (3d Cir. 2004) (determining reasonableness of two-year delay between supervised release violation petition and hearing based on length of delay, reason for the delay, the appellant's assertion of his right, prejudice to the appellant, and the reason why the appellant was in custody and holding that the delay was reasonable when the district court waited until the adjudication of the state offense before proceeding with revocation hearing). Griggs was in state custody for the underlying offense for the entirety of the two-year delay between the supervised release petition and hearing. The incarceration resulted from his state offense, and the delay did not subject him to excessive incarceration or prejudice his ability to defend at his revocation hearing. Thus, this argument is also without merit.

## III.

For the foregoing reasons, we will affirm the District Court's judgment and sentence.