NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2206
_____

UNITED STATES OF AMERICA

v.

DWAYNE CESPEDES,
                                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 5-09-cr-000216-001)
District Judge:  Hon. Lawrence F. Stengel

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 22, 2013

Before:  FUENTES, CHAGARES, and BARRY, Circuit Judges.


(Opinion Filed: March 26, 2013)

_____

OPINION
_____

CHAGARES, Circuit Judge.

        Dwayne Cespedes appeals the sentence of 125 months of imprisonment imposed

by the District Court for conspiring to commit armed robbery, committing armed

robbery, and using and carrying a firearm in relation to that crime.  Cespedes argues that

his sentence is procedurally and substantively unreasonable because the District Court failed to address meaningfully his character and rehabilitation evidence in deciding on the sentence to impose. For the following reasons, we will affirm the judgment of sentence.

I.

We write solely for the parties' benefit and thus recite only the facts essential to our disposition. On September 26, 2009, Cespedes and Michael Grant entered a branch of KNBT Bank located inside a nursing home in Whitehall, Pennsylvania. Armed with a handgun, Cespedes approached the teller and stated "it is what it is," while Grant, also armed, took money from the cash drawer. During the robbery, Cespedes pointed his gun at the teller's head and said "you have thirty seconds." Cespedes and Grant left the scene in a getaway car driven by a third man, Curtis Whitehurst. When police attempted to stop the car, a high-speed chase through a residential area ensued. At some point in the chase, Cespedes and Grant fled on foot, and the police apprehended Cespedes soon after. They recovered Cespedes's handgun nearby.

Cespedes pleaded guilty on March 11, 2010 to the following three charges: (1) conspiracy to commit armed bank robbery (18 U.S.C. § 371); (2) armed bank robbery (18 U.S.C. § 2113(d)); and (3) carrying a firearm during and in relation to a crime of violence (18 U.S.C. § 924(c)(1)). At sentencing, the District Court applied a two-level enhancement for reckless endangerment during flight, pursuant to § 3C1.2 of the advisory United States Sentencing Guidelines. The conspiracy and armed robbery charges produced a Guidelines range of 51-63 months in these circumstances, and the firearms charge carried a mandatory minimum of 84 months of imprisonment, to be served

2

consecutively. The District Court imposed a sentence of 144 months of imprisonment and 5 years of supervised release on June 2, 2010.

Cespedes appealed the application of the reckless-endangerment enhancement and this Court, concluding that the enhancement did not apply, remanded the case for resentencing. At the resentencing hearing, which took place on April 19, 2012, Cespedes presented character and post-offense rehabilitation evidence. Specifically, Cespedes showed that he had written a letter of apology to the victim nursing home (before he knew that he would be resentenced in this matter), presented a letter from a disabled fellow inmate who described Cespedes's help with daily activities, and produced a letter from a fellow inmate who served as a math tutor in prison, whom Cespedes voluntarily assisted with tutoring. Cespedes also submitted the letters and testimony on his behalf from the original sentencing hearing, including that of his brother, now a law student, who testified as to the aberrant nature of Cespedes's criminal conduct. Cespedes also argued that, while incarcerated, his security classification was adjusted, resulting in his being moved from a medium-security to low-security facility.

At his resentencing, Cespedes also offered a significantly more compelling allocution than he had delivered at the initial sentencing. He stressed that, in his previous appearances before the District Court, he "couldn't even man up and face reality," and "blamed everyone but [him]self or would have sworn up and down in the courtroom that everyone was out to get [him]." Appendix ("App.") 124. He explained, "[L]ife has its way of teaching and, man, did it teach me." App. 125. Cespedes described his inability to take care of his mother as "heart wrenching," expressed his disappointment that he was

3

not able to "pay [his] respect to [his] now deceased best friend," and lamented that he was unable "to be a positive influence" on his daughter and "see her and be a role model for her." Id.

After listening to Cespedes's allocution, the District Court sentenced him to 125 months of imprisonment, followed by 5 years of supervised release. Cespedes now appeals on the ground that this sentence is procedurally and substantively unreasonable because it did not give sufficient mitigating weight to his character and rehabilitation evidence.

## II.

The District Court had jurisdiction over this case pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review the procedural and substantive reasonableness of a district court's sentence for abuse of discretion. Gall v. United States, 552 U.S. 38, 51 (2007). We "take up the procedural review first, looking to see that the district court has committed no significant error . . . ." United States v. Levinson, 543 F.3d 190, 195 (3d Cir. 2008). "If the sentencing decision passes that first stage of review, we then, at stage two, consider its substantive reasonableness." Id.

To determine, at stage one, whether a sentence is procedurally reasonable, we "ensur[e] that the district court committed no significant procedural error . . . ." United States v. Tomko, 562 F.3d 558, 567 (3d Cir. 2009). In United States v. Gunter, this Court articulated that a sentencing court must: (1) rule formally on any departure motions; (2) state how any departure affects a defendant's advisory Guidelines calculation (taking this

4

Court's pre-Booker case law into account); and (3) exercise discretion by separately considering the relevant § 3553(a) factors. 462 F.3d 237, 247 (3d Cir. 2006).

If the sentence imposed is not procedurally unreasonable, we proceed to the substantive-reasonableness inquiry, which asks "whether the final sentence, wherever it may lie within the permissible statutory range, was premised upon appropriate and judicious consideration of the relevant factors." United States v. Doe, 617 F.3d 766, 770 (3d Cir. 2010). We apply a deferential standard, affirming "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." Tomko, 562 F.3d at 568.

## III.

We consider first the procedural reasonableness of the sentence imposed by the District Court. Cespedes argues that the District Court failed to apply properly the third step of the sentencing procedure outlined in Gunter — that is, according to Cespedes, the sentencing court failed to give adequate consideration to each of the § 3553(a) factors. Cespedes argues that "[a]lthough the court commented briefly on Mr. Cespedes' statement," the District Court's comments were insufficient because the "significant and compelling nature" of the statement "obliged the court to discuss its substance and what effect it would have on its weighing of the sentencing factors, in particular the nature and characteristics of the defendant." Cespedes Br. 18. Although we find Cespedes's compelling statement to be indicative of positive movement in his life, we hold that the District Court's sentence was procedurally reasonable.

5

This Court has underscored that "the court's analysis of the relevant factors must adequately demonstrate its exercise of independent judgment and meaningful consideration of the relevant sentencing factors." United States v. Merced, 603 F.3d 203, 215 (3d Cir. 2010) (quotation marks omitted). We have understood this to mean that "[t]he district court need not make explicit findings as to each of the § 3553(a) factors if the record makes clear that the court took the factors into account in sentencing." Id. (quotation marks omitted). Likewise, "what we must decide is whether the district judge imposed the sentence he or she did for reasons that are logical and consistent with the factors set forth in section 3553(a)." United States v. Cooper, 437 F.3d 324, 330 (3d Cir. 2006).

The District Court in Cespedes's case appropriately addressed Cespedes's history and character in deciding on the sentence to impose. Indeed, the District Court referred to those who spoke at Cespedes's first sentencing, and "note[d] that [Cespedes] has done well with the time he has spent while incarcerated." App. 132. The District Court also acknowledged Cespedes's involvement with programs in prison, as well as his "good conduct record." App. 133. Moreover, the District Court made clear that it was taking into account "what the defendant has done since the time of his plea and since his original sentencing," as it explained that Cespedes's post-incarceration submissions "suggest that a sentence at the low end of the guideline range would be appropriate." App. 134.

Despite these positive factors, however, the District Court also highlighted the "extremely predatory" nature of Cespedes's behavior in considering the nature and circumstances of Cespedes's crime (the first § 3553(a) factor). App. 132. The

6

sentencing court called the instant case "very serious," noted "the way in which the defendant . . . prepared for" the armed robbery, and called the crime "a memorable armed bank robbery" given that it took place in a nursing home and involved Cespedes putting a gun to a bank teller's head. App. 131-32. Moreover, the District Court explicitly stated that "the nature of this crime, the fact that there was a gun used calls for a sentence within the guidelines range." App. 133. This explanation is sufficient to convince us that the District Court imposed a 125-month sentence "for reasons that are logical and consistent with the factors set forth in section 3553(a)." Cooper, 437 F.3d at 330.

We also hold that the District Court's sentence was not substantively unreasonable. Review of the District Court's discussion at the resentencing hearing makes clear that the sentence imposed "was premised upon appropriate and judicious consideration of the relevant factors." Doe, 617 F.3d at 770. Accordingly, we cannot conclude that "no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." Tomko, 562 F.3d at 568.

### IV.

For the foregoing reasons, we will affirm the judgment of sentence.