NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1341
_____

UNITED STATES OF AMERICA

v.

JHIRMAL DAY,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No. 2-05-cr-00482-002
District Judge: The Honorable Legrome D. Davis

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 18, 2013

Before: SMITH, GREENAWAY, JR., and VAN ANTWERPEN, *Circuit Judges*

(Filed: March 27, 2013)
_____

OPINION
_____

SMITH, *Circuit Judge*.

In 2006, defendant Jhirmal Day pleaded guilty to interstate robbery offenses

and was sentenced to 72 months' imprisonment, followed by a 3-year term of

supervised release. Day's term of supervised release commenced in March 2010. Although Day voluntarily participated in the "Supervision to Aid Reentry" (STAR) program, which provided more intensive supervision and training, Day still had difficulty meeting the conditions of his supervised release.

In June 2011, the Government petitioned to revoke Day's supervised release because of six Grade C violations: (1) Day was arrested for knowingly possessing a controlled substance; (2) he repeatedly failed to submit monthly supervision reports to his probation officer; (3) he repeatedly submitted urine specimens that tested positive for marijuana; (4) he failed to attend drug treatment as directed, and he failed to submit regular urine samples for drug testing; (5) he failed to make any payments toward his restitution; and (6) he failed to notify his probation officer when he changed addresses. As a result of these violations, a warrant was issued for his arrest in June 2011; Day was subsequently arrested on October 18, 2011.

Day's revocation hearing was held on January 26, 2012. Day faced a statutory maximum of 24 months' and an advisory guideline range of 5 to 11 months' imprisonment for the Grade C violations. The United States District Court for the Eastern District of Pennsylvania revoked Day's term of supervised release and imposed the statutory-maximum sentence of 24 months' imprisonment. The Court ultimately denied Day's request for a sentence at the top of the advisory guideline range because the Court found that Day did not put forth any effort while

2

on supervised release that would warrant the Court's continued trust. Subsequently, Day filed a timely appeal of the sentence.

On appeal, Day contends that the District Court committed procedural error by failing to adequately consider the relevant sentencing factors. Day also contends that the sentence was greater than necessary to achieve the purposes of sentencing and should be remanded for resentencing. Because the sentence was both procedurally and substantively reasonable, we will affirm the judgment of the District Court.[1]

This Court reviews a sentence imposed upon a revocation of supervised release for abuse of discretion. *United States v. Doe*, 617 F.3d 766, 769 (3d Cir. 2010). We must ensure that the sentence was both procedurally and substantively reasonable. *See id.* at 769-70. First, for a sentence to be procedurally reasonable in accordance with 18 U.S.C. § 3583(3), the record must demonstrate that the sentencing court gave meaningful consideration to the factors set forth in § 3553(a). *United States v. Bungar*, 478 F.3d 540, 543-44 (3d Cir. 2007). However, the sentencing court does not need to "discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing." *Id.* at 543. Second, if the district court's procedures

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. This Court has jurisdiction under both 28 U.S.C. § 1291, as an appeal from a final decision of a district court, and 18 U.S.C. § 3742(a), as an appeal of a sentence imposed under the Sentencing Reform Act of 1984.

were reasonable, we then review the substantive reasonableness of the sentence. *Id.* When reviewing for substantive reasonableness, we must consider the totality of the circumstances and whether the sentence "falls within the broad range of possible sentences that [could] be considered reasonable." *United States v. Wise*, 515 F.3d 207, 218 (3d Cir. 2008). This Court's review for substantive reasonableness, however, is highly deferential, and we will affirm "'unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided.'" *Doe*, 617 F.3d at 770 (quoting *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc)). The party challenging the sentence has the burden of demonstrating the sentence's unreasonableness. *Bungar*, 478 F.3d at 543.

In this case, the 24-month sentence was procedurally reasonable because the District Court expressly and thoroughly considered the relevant § 3553(a) factors. First, the sentencing-hearing transcript demonstrates that the District Court accounted for Day's history and characteristics, as well as the nature and circumstances of his Grade C violations. The District Court, for example, acknowledged that Day was not an "evil, malicious man." But the District Court ultimately characterized Day's tenure on supervised release as an "unbroken record of abysmal failure" because he did not do "a single thing" the Court asked of him. Second, the District Court considered the need for the sentence imposed. The

4

Court explained that it would have imposed an even longer prison term to sanction Day's significant breach of trust if it were possible to do so. Third, the District Court adequately considered the relevant guideline range for a Grade C violation of supervised release. During the sentencing hearing, the Court explicitly acknowledged that the correct guideline range was 5 to 11 months. Fourth, the District Court directly relied on the Sentencing Guideline policy statements for a revocation of supervised release. It correctly acknowledged that the Sentencing Guidelines advise the Court to impose a sentence "primarily to sanction the defendant's breach of trust" for a violation of the conditions of supervised release. *See* U.S. Sentencing Guidelines Manual ch. 7, pt. A, introductory cmt. The sentencing-hearing transcript demonstrates that the District Court carefully and thoroughly addressed the relevant § 3553(a) factors.

Although Day argues that the District Court failed to adequately consider the relevant § 3553(a) factors, he does not point to any specific factor that the District Court did not address. *See* Appellant Br. at 10. As mentioned above, this Court has held that the sentencing court is not required to discuss and make findings as to each of the § 3553(a) factors. *See Bungar*, 478 F.3d at 543. Further, nothing in the sentencing transcript reveals that the District Court failed to adequately consider any of the arguments raised by Day. Beyond the relevant § 3553(a) factors and the arguments raised at sentencing, the District Court "is not required to manufacture

5

grounds for the parties or search for grounds not clearly raised on the record in a concise and timely manner." *United States v. Dragon*, 471 F.3d 501, 505 (3d Cir. 2006). Therefore, Day's contention that the District Court did not adequately consider the § 3553(a) factors is baseless, and we conclude that his sentence was procedurally reasonable.

Further, Day has not met the considerable burden of showing that the sentence was substantively unreasonable. Day commenced supervised release in March 2010, and by June 2011—a little more than a year later—he had already committed six violations of the conditions of supervised release and had disappeared from law-enforcement supervision. Besides the six Grade C violations, Day did not take advantage of the opportunities the Government provided for him for re-entry under the STAR program. Finally, Day offered no colorable reason as to why his sentence should be mitigated. Day argues that he should have received a reduced sentence because he made a good-faith effort to find and maintain employment as evidenced by the construction job he purportedly maintained for a month. However, the probation officer was never able to confirm Day's employment, and Day offered no documentation of this position. Additionally, Day admitted that he spent all of the money he earned on clothes, despite the fact that he owed more than $4,000 in restitution.

In conclusion, Day failed to demonstrate that the District Court abused its discretion in imposing the 24-month statutory-maximum sentence. Accordingly, we will affirm the judgment of the District Court.