NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2156
_____

UNITED STATES OF AMERICA

v.

JULIO C. FERRER,
                              Appellant

_____

On Appeal from the United States District Court
For the District of New Jersey
(District Court No.:  3-08-cr-00218-001)
District Judge:  Honorable Joel A. Pisano

_____

Submitted under Third Circuit LAR 34.1(a)
January 13, 2014

Before:  RENDELL, ROTH and BARRY, Circuit Judges

(Filed: April 22, 2014)

_____

O P I N I O N

_____

**RENDELL**, Circuit Judge:

Appellant Julio Ferrer appeals from a judgment imposed by the District Court,

sentencing him to 15 months' imprisonment for a violation of supervised release, to be

served consecutively to his sentence for the substantive violation of bank robbery. We will affirm.[1]

## I. BACKGROUND

In June 2007, Ferrer robbed two banks over a two-day period. He pled guilty to two counts of bank robbery in violation of 18 U.S.C. §§ 2113(a) and 2 and on July 11, 2008, was sentenced to 51 months' imprisonment on each count, to be served concurrently, along with three years' supervised release, to commence upon his release from prison. The District Court conditioned his supervised release on his agreement not to commit any other federal, state or local crimes during his period of supervision.

Ferrer was released from prison on June 10, 2011. Approximately three months after his release, he again began robbing banks. Between September 11, 2011 and December 22, 2011, Ferrer robbed seven banks throughout New Jersey. He was arrested on December 29, 2011. On June 22, 2012, he pled guilty to seven counts of bank robbery in violation of 18 U.S.C. § 2113(a). With an offense level of 27 and a criminal history category of IV, Ferrer faced a sentence in the range of 100 to 125 months. (P.S.R. ¶ 133.) On March 5, 2013, the District Court sentenced Ferrer to 105 months on each count, to be served concurrently, and three years' supervised release on each count, also to be served concurrently. The District Court also imposed a 15-month sentence for violating the terms of his supervised release, to be served consecutively to the 105-month sentence rendered for the underlying bank robberies. This was at the lower end of the U.S. Sentencing Guidelines, which provided for a range of 15-21 months. (A22-24.)

---

[1] We have appellate jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

2

Ferrer filed this appeal, arguing that the District Court erred by mandating that his 15-month sentence for violation of supervised release be served consecutively to, rather than concurrently with, his sentence for the underlying bank robberies.[2]

## II. DISCUSSION

We review both the procedural and substantive reasonableness of a sentence for violation of supervised release for abuse of discretion. *United States v. Doe*, 617 F.3d 766, 769 (3d Cir. 2010). In reviewing a procedural challenge to a sentence imposed by a district court, we ask whether the court has given "'rational and meaningful consideration' to the relevant § 3553(a) factors." *Id.* (quoting *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007) (en banc)).[3] "If a sentencing court followed the appropriate procedures in imposing the sentence, we then look to whether the sentence itself was substantively reasonable," which "inquires into 'whether the final sentence, wherever it may lie within the permissible statutory range, was premised upon appropriate and judicious consideration of the relevant factors.'" *Id.* at 770 (quoting *United States v. Schweitzer*, 454 F.3d 197, 204 (3d Cir. 2006)). "Absent procedural error, we will affirm the sentencing court 'unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided.'" *Id.* (quoting *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc)).

---

[2] The District Court granted Ferrer's Motion for Extension of Time to File Notice of Appeal on April 18, 2013, and Ferrer filed his Notice of Appeal that same day. (A1, 16.)

[3] *See also* 18 U.S.C. § 3584(b) ("The court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a).").

The District Court followed the appropriate procedures in sentencing Ferrer for violating the conditions of his supervised release. The record reflects that the Court gave meaningful consideration to the relevant § 3553(a) factors in imposing Ferrer's sentence, including Ferrer's history of robbing banks (§ 3553(a)(1)), the fact that Ferrer's actions had caused fear in his victims (§ 3553(a)(1) and (a)(2)(A)), and the need for deterrence (§ 3553(a)(2)(B)). (A33-38.) Though Ferrer contends that the District Court "fail[ed] to properly consider and balance all of the § 3553(a) factors," (Ferrer Br. 12), he does not point to any particular factor the Court failed to consider; nor does he identify any factors that would have weighed in favor of a concurrent, rather than consecutive, sentence.

Nor was the District Court's decision to mandate that Ferrer's sentence for violation of supervised release run consecutive to his sentence for the underlying bank robberies substantively unreasonable. "Our review for substantive reasonableness is highly deferential, and [the defendant] bears the burden of demonstrating that no reasonable sentencing court would have imposed the same sentence on [him] for the reasons the district court provided." *Doe*, 617 F.3d at 774 (internal citations and quotation marks omitted, second alteration in original). Both of Ferrer's sentences, for the underlying bank robberies and for violation of his supervisory release, were at the low end of the Guidelines. Indeed, Ferrer's aggregate sentence for the two violations, 120 months, is still within the Guidelines' range for the bank robberies alone.

Moreover, the Sentencing Guidelines explicitly state a preference for a consecutive sentence in cases involving a violation of the terms of a supervised release. Specifically, U.S.S.G. § 7B1.3(f) provides that "[a]ny term of imprisonment imposed

4

upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release."

Besides insisting that the purposes of his sentence "could have been achieved through a sentence that ran concurrent to" his sentence for the underlying bank robberies (Ferrer Br. 12), Ferrer has offered no reason why his sentence was substantively unreasonable. He maintains that the sentence was excessive because "the focus in revocation cases is the breach of trust resulting from the violation" rather than the seriousness of the underlying crime. (Ferrer Br. 15.) Such argument fails to recognize that Ferrer, while on supervised release for a prior conviction for robbing two banks, committed not one, not two, but seven additional bank robberies, all in less than seven months after his release from prison. Such actions surely constitute a "breach of trust" sufficient to warrant a consecutive sentence for violation of his supervised release.[4]

For the foregoing reasons, we will affirm the sentence imposed by the District Court.

---

[4] The District Court specifically noted as much, stating that, "[n]ot only do you commit more crimes, you commit exactly the same crime, so there needs to be a separate recognition that you violated the trust of the Court given to you in terms of that supervised release and I do not think that a concurrent sentence on the violation is appropriate." (A38.)