NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1945
_____

UNITED STATES OF AMERICA

v.

MATTHEW MITCHELLWILSON,
                                        Appellant

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. Crim. Action No. 4-13-cr-00175-001)
District Judge: Honorable Matthew W. Brann
_____

Submitted Under Third Circuit LAR 34.1(a)
October 28, 2014
_____

Before:  MCKEE, *Chief Judge*, GREENAWAY, JR., and KRAUSE, *Circuit Judges*.

(Filed: November 6, 2014)

_____

OPINION[*]
_____

---

[*]This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

GREENAWAY, JR., *Circuit Judge*.

Appellant Matthew Wilson appeals the sentence imposed by the District Court following a guilty plea for making a false bomb threat in violation of 18 U.S.C. § 844(e). Wilson argues that the District Court did not give appropriate weight to his mental health history and that the resulting sentence was substantively unreasonable. For the reasons that follow, we will affirm the District Court's judgment of conviction.

## I. BACKGROUND

Since we write primarily for the benefit of the parties, we recount only the essential facts.

On September 12, 2013, Wilson pled guilty to an information in the Middle District of Pennsylvania charging him with making a false bomb threat to a federal prison facility, in violation of 18 U.S.C. § 844(e). Following the guilty plea, Wilson was released on a personal recognizance bond with pretrial services supervision. Supervision occurred in North Carolina. On November 26, 2013, Wilson self-surrendered after a warrant was issued for alleged bail violations. Wilson did not receive a bail revocation hearing and was detained until he appeared before the District Judge for sentencing for his § 844(e) violation.

At sentencing, the United States recommended a split-sentence consisting of a period of imprisonment with credit for time served (approximately four months and ten days), followed by commitment to a community confinement facility or halfway house and a period of supervised release. In response to the government's recommendation, Wilson's counsel argued that a sentence of time served with supervised release and

2

mental health conditions would be appropriate.

The District Court adopted the factual findings and Guidelines calculation of the Presentence Investigation Report ("PSR") in its entirety. Based on a Criminal History Category I and a total offense level 12, Wilson faced an advisory guidelines range of 10-16 months' imprisonment. The District Court imposed a sentence of 16 months' imprisonment. Wilson filed a timely appeal of his sentence.

## II. JURISDICTION AND STANDARD OF REVIEW

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

We review a sentence for substantive reasonableness under an abuse of discretion standard. *United States v. Tomko*, 562 F.3d 558, 567–68 (3d Cir. 2009) (en banc).

## III. ANALYSIS

The only issue on appeal is whether the District Court's sentence was substantively unreasonable. We conclude that the sentence was not substantively unreasonable.

An inquiry into the substantive reasonableness of a sentence asks "'whether the final sentence, wherever it may lie within the permissible statutory range, was premised upon appropriate and judicious consideration of the relevant [18 U.S.C. § 3553(a)] factors.'" *United States v. Doe*, 617 F.3d 766, 770 (3d Cir. 2010) (quoting *United States v. Schweitzer*, 454 F.3d 197, 204 (3d Cir. 2006)). "Absent procedural error, we will affirm the sentencing court 'unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court

3

provided.'" *Id.* (quoting *Tomko*, 562 F.3d at 568). The party challenging the sentence bears the burden of demonstrating unreasonableness. *Tomko*, 562 F.3d at 567.

Applying this standard, we discern no abuse of discretion in the sentence imposed. The sentencing colloquy evidences that the District Court was thorough in its consideration of the § 3553(a) factors. The District Court considered the "nature and circumstances of the offense and the history and characteristics of the defendant," noting specifically that Wilson has "an extensive history of mental illness and has exhibited a repeated pattern of disturbing behavior and criminal acts." App. 92.[2]

Furthermore, we find no merit to Wilson's argument that the District Court failed to give sufficient weight to Wilson's mental health history as a mitigating factor under § 3553(a), and instead treated it as an aggravating factor. To the contrary, the District Court acknowledged Wilson's "extensive" history of mental illness. *Id.* There is no basis in the record to infer that the District Court treated Wilson's mental health as an aggravating factor and calculated the length of Wilson's sentence to ensure that he receive certain rehabilitative services.[3]

The District Court's sentence of 16 months' imprisonment for making a false bomb threat to a federal prison was substantively reasonable. The District Court fully

---

[2] The PSR detailed an extensive pattern of Wilson's past troubling and unlawful behavior. *See, e.g.*, PSR ¶¶ 24-29, 37, 42b, 44-45. For instance, prior to the bomb threat in this case, Wilson set fires, made bomb threats at his schools, and left threatening notes for family members. *Id.* ¶¶ 37, 44-45.

[3] *Compare Tapia v. United States*, 131 S. Ct. 2382, 2392 (2011) (finding that sentencing court impermissibly imposed a sentence for rehabilitative reasons when it determined that the defendant needed to be imprisoned "long enough to get the 500 Hour Drug Program.").

justified its sentence and gave appropriate consideration to the 18 U.S.C. § 3553(a) factors. The District Court's sentence was within the Guidelines range and satisfies all of the elements of a substantively reasonable sentence. Wilson has not met his burden of showing that a reasonable sentencing court would not have imposed the same sentence.

## IV. CONCLUSION

For the foregoing reasons, we will affirm the judgment of conviction of the District Court.