**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 15-3061
_____

UNITED STATES OF AMERICA

v.

JOHN HIGH,
                              Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 2-11-cr-00601-001)
District Judge: Honorable Petrese B. Tucker

_____

Submitted under Third Circuit LAR 34.1(a)
April 4, 2016

Before:  AMBRO, KRAUSE, *Circuit Judges*, and THOMPSON,* *District Judge*

(Filed: August 25, 2016)

_____

OPINION**

_____

_____

     * The Honorable Anne E. Thompson, District Judge for the United States District
Court for the District of New Jersey, sitting by designation.

     ** This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Appellant John High challenges his twenty-four month sentence following the revocation of his supervised release, arguing that the sentence was procedurally and substantively unreasonable. For the reasons that follow, we will affirm.

## I.   <u>Background</u>

High is a seventy-eight-year-old man who pleaded guilty to possession of child pornography in 2012 and was sentenced to twenty-four months imprisonment—a sentence substantially below the U.S. Sentencing Guidelines range for his offense[1]— followed by five years of supervised release. As part of his supervised release, High agreed to use only computers installed with court ordered monitoring software and to participate in a sex offender treatment program. High admits that, within three months of commencing supervised release, he violated these conditions when he used an unauthorized computer at a public library to look up a nearby nudist camp and visited that nudist camp on four separate occasions, where, at least once, he spoke with a minor and was asked by the camp director to leave. According to the probation officer's report, rather than disclosing these violations to the proper authorities, High called the director and asked that he be allowed to return. The camp director, who had investigated High and learned he was a registered sex offender, subsequently alerted High's probation officer.

---

[1] High's initial offense called for a Guidelines range of fifty-one to sixty-three months, but the District Court varied significantly downward on account of High's age, prior military record, and good works.

As a result of these violations, the District Court held a revocation hearing. The Government submitted a sentencing memorandum requesting a sentence at the statutory maximum of twenty-four months despite the three to nine months Guidelines range. At the sentencing hearing, High argued for a sentence within the Guidelines range, asking the Court to consider his old age, deteriorating mental condition, that he had no prior criminal record, and the effect a long sentence would have on his ailing wife. The Court imposed the maximum sentence of twenty-four months, and High made no objections on the record at the time. High now appeals, arguing that the District Court's ruling was procedurally and substantively unreasonable, and requesting a remand for resentencing.

## II.    **Standard of Review**

A sentence challenged for procedural and substantive reasonableness is usually reviewed for abuse of discretion, *United States v. Doe*, 617 F.3d 766, 769 (3d Cir. 2010), but where, as here, the defendant did not object to a procedural error at the time the sentence was imposed, we review the District Court's sentence for plain error, *United States v. Flores-Mejia*, 759 F.3d 253, 256 (3d Cir. 2014) (en banc). A party claiming plain error must prove that: (1) the court erred; (2) the error was plain; and (3) it "affect[ed] substantial rights." *Johnson v. United States*, 520 U.S. 461, 466-67 (1997) (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)). For "substantial rights" to be affected, "'the error must have been prejudicial,' that is, '[i]t must have affected the outcome of the district court proceedings.'" *United States v. Stevens*, 223 F.3d 239, 242 (3d Cir. 2000) (quoting *Olano,* 507 U.S. at 734); *see also Puckett v. United States*, 556

3

U.S. 129, 142 n.4 (2009) (explaining that when the defendant's rights "relate to sentencing, the outcome he must show to have been affected is his sentence"). In addition, the error must "seriously affect[ ] the fairness, integrity, or public reputation of judicial proceedings." United States v. Vazquez, 271 F.3d 93, 99 (3d Cir. 2001) (en banc).

## III.  Discussion

High argues his sentence was procedurally unreasonable because the District Court failed to follow the procedural steps required under our precedent, and that the District Court's decision to impose the maximum sentence permitted under the statute was substantively unreasonable because no reasonable jurist could have viewed his conduct as the worst case scenario. We will address each argument in turn.

### A. Procedural Unreasonableness

Prior to sentencing, courts are required to perform three steps on the record designed to ensure procedural soundness: (1) calculate a defendant's Guidelines range; (2) formally rule on any departure motions and state how those rulings affect the advisory range; and (3) exercise discretion by considering the relevant factors set forth in 18 U.S.C. § 3553(a). United States v. Gunter, 462 F.3d 237, 247 (3d Cir. 2006). High argues that the District Court failed to address each of these steps.

Upon review of the record, High is correct that the District Court should have independently calculated the Guidelines range under step one of the Gunter framework. Nonetheless, High does not meet his high burden to show that he was prejudiced by this,

4

as he acknowledges in his brief that the appropriate Guidelines range was three to nine months and does not argue or provide support for the contention that his sentence would have been any different had the District Court independently calculated the range. *See Stevens*, 223 F.3d at 242. Indeed the three-to-nine-months range was undisputed by the parties. High's probation officer included that three range in the report filed with the Court, the Government stated the range in both its brief (a copy of which was served to High) and at sentencing (where High was present), and High's counsel did not object when the Government explicitly stated at sentencing that the "[G]uidelines in this case of three to nine months are not adequate." App. 24a. There is no indication that the District Court's failure to independently calculate the range "affected the outcome of the [sentencing] proceedings." *See Stevens*, 223 F.3d at 242 (citing *Olano,* 507 U.S. at 734).

We disagree with High's argument that the District Court failed to address the remaining two *Gunter* steps. As neither party raised any departure motions, the District Court did not err by declining to state on the record its ruling on departure motions. Nor did the Court fail to give meaningful consideration to the mitigation factors set forth in § 3553(a). On the contrary, it addressed all of High's mitigation arguments, explaining that it had already given High a "second chance at the time of [the original] sentencing based on [his] age, the situation with [his] wife, [and] the fact that [he] had no prior contact with the criminal justice system," App. 31a; *see Rita v. United States*, 551 U.S. 338, 358 (2007) (finding the sentencing judge's "brief" statement of reasons "legally sufficient" when the record made clear that the judge "listened to each [of Petitioner's] argument[s]"

5

and "considered the supporting evidence"). Moreover, the District Court addressed an additional § 3553(a) factor—the "need for the sentence imposed"—when it stressed four times the need to protect the community. *See* 18 U.S.C. § 3553(a)(2)(C).[2]

As the District Court sufficiently addressed steps two and three under *Gunter*, and High was not prejudiced when the District Court did not independently calculate the sentencing range, we conclude that High's sentence was procedurally reasonable.

**B. <u>Substantive Unreasonableness</u>**

Our review for substantive reasonableness is "highly deferential," *Bungar,* 478 F.3d at 543, and the defendant bears the burden to show that "no reasonable sentencing court would have imposed the same sentence . . . for the reasons the district court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc). High argues that the District Court's sentence at the twenty-four month statutory maximum was substantively unreasonable because his conduct was not equal to the worst possible scenario, namely that he only spoke to a minor and did not touch the child or attempt to send the child pictures. We disagree.

First, the commentary to the Sentencing Guidelines expressly allows for increased sentences in cases involving "high risk" behavior, U.S.S.G. § 7B1.4 cmt. n.3, and even High's counsel admits that, in visiting a nudist camp where children were present on four

---

[2] Even if the Court could have discussed more thoroughly the mitigating factors listed at § 3553(a), we have not required a step-by-step analysis of each factor to find a sentence procedurally reasonable, especially when those factors are not argued by the parties. *United States v. Bungar,* 478 F.3d 540, 543 (3d Cir. 2007) (stating that the court need not "discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing").

separate occasions, High engaged in such behavior. In fact, the Guidelines commentary indicates that an upward departure may be warranted for a sex offender who, similar to High, violates the conditions of his release by associating with children near a schoolyard. *Id.*

Second, we have held that when a sentence is imposed for a violation of the conditions of supervised release, the sentence must "primarily . . . sanction the defendant's breach of trust while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." *Bungar,* 478 F.3d at 544. Here, High's actions were both serious and a significant breach of trust: he continually violated the terms of his supervised release and began doing so within months of his release—both by using an unmonitored computer and by visiting the nudist camp—until he was finally detected by the camp director and reported following his fourth trip to the camp. Moreover, according to the probation officer's report, High showed no signs of stopping his improper behavior given his attempt to obtain permission from the camp director to return after being asked not to come back.

In light of the seriousness and the nature of these violations, we cannot say that no reasonable sentencing court would have also imposed the maximum sentence on High. *Tomko*, 562 F.3d at 568. This is particularly true where High's initial sentence for possession of child pornography was below the Guidelines range—a fact that renders an

increased sentence for later charges more appropriate. U.S.S.G. § 7B1.4 cmt. n4.[3]

Therefore, the District Court's sentence was not substantively unreasonable.

## IV.   Conclusion

For the foregoing reasons, we will affirm the sentence imposed by the District Court.

---

[3] In his brief, High directs us to two cases in which neither court imposed the statutory maximum arguing that, because the defendants' actions in those cases were more egregious than here, High's maximum sentence must be substantively unreasonable. *See United States v. Thornhill*, 759 F.3d 299 (3d Cir. 2014); *United States v. Carter*, 730 F.3d 187 (3d. Cir 2013). Even if we agreed with that proposition, "it is not the role of an appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence[.]" *Solem v. Helm,* 463 U.S. 277, 290 n.16 (1983). Moreover, we have made clear that the district court is in "the best position to determine the appropriate sentence in light of the particular circumstances of the case." *Tomko*, 562 F.3d at 561. Because we accord "great deference to [its] choice of final sentence," *United States v. Lessner*, 498 F.3d 185, 204 (3d Cir. 2007), High's effort to compare his actions and his sentence to other cases is insufficient to find substantive unreasonableness.