NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2418
_____

UNITED STATES OF AMERICA

v.

RYAN STEVENS,
                              Appellant


_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 1-13-cr-00167-001)
District Judge: Jerome B. Simandle
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
February 9, 2018

Before: CHAGARES, SCIRICA, and RENDELL, Circuit Judges

(Filed: March 20, 2018)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

**SCIRICA**, *Circuit Judge*

The District Court sentenced Ryan Stevens to 30 months' imprisonment for violating the conditions of his supervised release. Stevens now appeals, arguing the court's sentence was substantively unreasonable because it was greater than necessary to fulfill the goals of sentencing. Because the District Court's sentence reflects a careful consideration of the relevant sentencing factors, we hold the court's sentence was not substantively unreasonable. We will affirm.

**I.**

On March 7, 2013, Stevens pled guilty to a single count of disaster benefits fraud in violation of 18 U.S.C. § 1040. Stevens was ordered to pay $15,487.00 in restitution and was sentenced to one month of incarceration and four years of supervised release, which included 8 months' house arrest. Stevens' initial sentence was a significant reduction from the Guidelines range of 24 to 30 months, reflecting a downward departure of four offense levels for substantial assistance and an additional downward variance under the factors set forth in 18 U.S.C. § 3553(a).

Stevens began serving his term of supervised release on August 28, 2013. On February 9, 2017, he was arrested and charged with promoting prostitution. Following his arrest, the United States Probation Office filed a petition with the District Court alleging six violations of Stevens' conditions of supervised release (one Grade B violation and five Grade C violations) and requesting an arrest warrant. Stevens' arrest for promoting prostitution, and related conduct, comprised the third, fourth, and fifth alleged violations.

2

The other alleged violations included Stevens' failure to pay restitution or maintain employment, and lying to his probation officers.

At the June 2017 revocation hearing, Stevens entered a nolo contendere plea to the single Grade B violation (committing a new state crime) in exchange for the Government's dismissal of the remaining violations and agreement to a recommended sentence of 18 months' imprisonment with no additional supervised release. The District Court accepted Stevens' plea after the Government proffered to the court the evidence it would have presented regarding the Grade B violation. Stevens did not contest the Government's factual proffer,[1] which included statements from young women that they paid Stevens $150 per day out of their earnings and evidence that Stevens and his wife rented approximately 375 rooms between 2014 and 2017 at Wyndham properties known to be used for prostitution.

For the Grade B violation, Stevens faced a statutory maximum sentence of 36 months' imprisonment and a Guidelines range of 18 to 24 months. At sentencing, the court explained its obligation to consider the sentencing factors prescribed in § 3553(a), in addition to the goals of supervised release. While the court explained it had considered the Guidelines range, and counsels' recommendation for an 18-month sentence, the court determined such a sentence was not sufficient to achieve the goals of sentencing.

---

[1] *See* App. 58 ("Your Honor, I've conferred with my client and at this point there's nothing he wishes to contest with the proffer that the government has presented at this hearing.").

3

With respect to Stevens' background and history, the court first emphasized that Stevens had received substantial support from the Probation office, such as assistance with mental health treatment, housing, and job training, all while "[s]uperficially [he] presented as a person with needs." App. 73. The court also noted that Stevens lacked "moral integrity" because while he presented himself as someone "on a track of rehabilitation with probation," he was involved in an extensive prostitution scheme. App. 74-75.[2] Regarding the "nature and seriousness" of the violation, the court recognized that Stevens' violation was classified as a Grade B violation, but found Stevens' offense a "reprehensible crime," based on its persistence and the "harm [and] the corrosive effect of prostitution in society." App. 75-76. The court also found a sentence longer than the recommended range necessary to promote specific and general deterrence.

The District Court further took note of U.S.S.G. § 7B1.4 in calculating the appropriate sentence, which states "an upward departure may be warranted" for a violation of supervised release "[w]here the original sentence was the result of a downward departure . . . that resulted in a sentence below the guideline range." U.S.S.G. § 7B1.4 application note 4. Noting that Stevens' initial sentence of one month was a "substantial break," the court considered that Stevens' "much more than technical violation" should forfeit the earlier benefit he had received. App. 77. But, because the

---

[2] Stevens also asked for leniency at sentencing, explaining that his criminal conduct was the result of drug and sex addictions. The court noted it did not "know what to make" of this claim because Stevens did not fail a single drug test during his nearly four years of supervised release, App. 75, but considered that regardless, his sentence would serve the beneficial purpose of specific deterrence.

4

court also wished to credit Stevens for coming forward and entering a plea, the court imposed a sentence of 30 months with no further term of supervised release—6 months lower than the statutory maximum.

As noted, Stevens appeals his 30-month sentence of imprisonment arguing it was greater than necessary to fulfill the goals of sentencing and, as a consequence, substantively unreasonable. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1) (authorizing review of a sentence imposed "in violation of law").

## II.

### A.

We review the procedural and substantive reasonableness of a sentence imposed upon the revocation of supervised release for an abuse of discretion. *See United States v. Bungar*, 478 F.3d 540, 542 (3d Cir. 2007); *see also United States v. Doe*, 617 F.3d 766, 769 (3d Cir. 2010). Procedural reasonableness requires that a district court give "rational and meaningful consideration" to the relevant 18 U.S.C. § 3553(a) factors. *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007) (en banc). Substantive reasonableness requires that a district court apply the § 3553(a) factors reasonably to the circumstances of the case, *see United States v. Lessner*, 498 F.3d 185, 204 (3d Cir. 2007), and asks "whether the final sentence, wherever it may lie within the permissible statutory range, was premised upon appropriate and judicious consideration of the relevant factors," *United States v. Schweitzer*, 454 F.3d 197, 204 (3d Cir. 2006). Absent procedural error, we will affirm a district court's sentence "unless no reasonable sentencing court would have

imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc).

Embedded in our standard of review is the recognition that "[t]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) in the individual case." *Id.* (alteration in original) (quoting *Gall v. United States*, 552 U.S. 38, 128 (2007)). Thus, our review for substantive reasonableness is "highly deferential," *Bungar*, 478 F.3d at 543, and it is the burden of the party challenging the sentence to prove its unreasonableness, *see id*. Stevens has failed to meet that burden here. We will affirm the sentence as substantively reasonable.

**B.**

Stevens argues the District Court failed to impose a sentence sufficient, but not greater than necessary, to achieve the purposes set forth in § 3553(a). Specifically, Stevens contends the court "devalued [his] positive conduct and the parties' sentencing recommendation." Appellant's Br. at 15. As an initial matter, that the parties agreed to a sentencing recommendation of 18 months is of no consequence. The sentence recommendation made pursuant to Stevens' plea agreement was not binding on the court. *See, e.g.*, *United States v. Maurer*, 639 F.3d 72, 81 (3d Cir. 2011).

Furthermore, the record belies Stevens' contention that the court did not give meaningful consideration to his positive conduct. To the contrary, a review of the record evidences the court's careful consideration of the factors enumerated in § 3553(a) and the goals of supervised release. As to Stevens' history and characteristics, the court acknowledged that while Stevens was not the subject of revocation proceedings in the

6

four preceding years, Stevens had actually engaged in a "continuous pattern of violation during the majority of the time . . . [that] just wasn't detected soon enough." App. 77. Stevens also ignores the court's decision to impose a sentence below the statutory maximum in light of his guilty plea and acceptance of personal responsibility.

The record further reflects that the court appreciated the need for his sentence "to reflect the seriousness of the offense"; "to afford adequate deterrence to criminal conduct"; and "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(A)-(C). As is clear from the transcript, the court was influenced by the nature and extent of the prostitution enterprise, the testimony of the young women whose prostitution Stevens had promoted, and the resources Stevens had accepted from Probation all while profiting from the prostitution trade. The court also articulated its belief that the sentence was necessary to promote specific deterrence and to protect the integrity of the supervised release system. We find no abuse of discretion in this analysis or any reason to conclude "no reasonable sentencing court would have imposed the same sentence on [Stevens] for the reasons the district court provided." *Tomko*, 562 F.3d at 568.

Stevens also contends the court abused its discretion by placing "undue emphasis on the nature of [his] violation and the Sentencing Commission's advisory recommendation in §7B1.4, Application Note 4." Appellant's Br. at 15-16. But Stevens does not explain why such a characterization of the court's sentence is supported by the record and, regarding application note 4, focuses only on the discretionary nature of the upward departure. We have previously upheld the application of §7B1.4. *See Bungar*,

478 F.3d at 546; *Doe*, 617 F.3d at 775 ("His 24 month post-revocation imprisonment was thus reasonable in light of the earlier leniency he received."). We see no abuse of discretion here.

### III.

Because Stevens has not demonstrated that the 30-month sentence imposed on him for violating the conditions of his supervised release was unreasonable, we will affirm the judgement of conviction and sentence.