**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4555**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KEVIN KHAALIQ BEAMON,

Defendant - Appellant.

**No. 17-4559**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KEVIN KHAALIQ BEAMON,

Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of North Carolina, at Raleigh.   James C. Dever III, Chief District Judge.   (4:13-cr-00042-D-1; 5:16-cr-00325-D-1)

Submitted: March 19, 2018                               Decided: March 28, 2018

Before NIEMEYER, DIAZ, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Acting Federal Public Defender, Eric J. Brignac, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Seth Morgan Wood, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin Khaaliq Beamon appeals his conviction and 71-month sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2012), and the district court's revocation of supervised release and imposition of a consecutive 19-month sentence. On appeal, Beamon argues only that the sentence imposed upon revocation of supervised release is substantively unreasonable.[*] We affirm.

"A district court has broad, though not unlimited, discretion in fashioning a sentence upon revocation of a defendant's term of supervised release." *United States v. Slappy*, 872 F.3d 202, 206 (4th Cir. 2017). We take a deferential posture in reviewing a revocation sentence, and will "affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* at 207 (internal quotation marks omitted). "[A] revocation sentence is substantively reasonable if the court sufficiently states a proper basis for its conclusion that the defendant should receive the sentence imposed." *Id.* (brackets and internal quotation marks omitted).

In "imposing a revocation sentence, 'the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator,'" *id.* at 207 n.1 (quoting USSG ch. 7, pt. A(3)(b)), and "the applicable 18 U.S.C. § 3553(a) [(2012)] factors," *id.* at 207. "If the court determines that a sentence outside the advisory range is

---

[*] Beamon does not challenge the district court's conclusion that he violated the terms of his supervised release, nor does he challenge his conviction or sentence for being a felon in possession of a firearm.

3

appropriate, it is 'uncontroversial that a major departure should be supported by a more significant justification than a minor one.'" *Id.* (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007)).

The district court discussed Beamon's history on supervised release and observed that his release began well before he initially tested positive for marijuana. The court continued supervised release to allow Beamon to participate in drug treatment, but Beamon again tested positive for marijuana. The district court continued supervised release, this time imposing a curfew, but Beamon again tested positive for marijuana. While awaiting a revocation hearing for that violation, Beamon possessed a firearm, discharged it into a vehicle, and pointed the firearm at his girlfriend. In determining that an above-policy-range sentence was warranted, the district court properly considered these numerous breaches, its efforts to work with Beamon, and Beamon's continued violation of his supervised release despite second and third chances.

Beamon contends that the district court's concerns are outweighed by his drug addiction and the absence of a prior lengthy term of incarceration. The district court acknowledged that Beamon suffered from issues related to substance abuse, but determined that those struggles did not outweigh his failure to conform to the requirements of supervised release despite the court's efforts and the opportunity to obtain substance abuse treatment. This conclusion was not improper. *See United States v. Coleman*, 835 F.3d 606, 616 (6th Cir. 2016) (affirming revocation sentence when court imposed sentence in part based on defendant's "unwillingness to tackle his substance-abuse problem and the corresponding need to deter him from using illegal

4

drugs in the future"); *United States v. Doe*, 617 F.3d 766, 774 (3d Cir. 2010) (noting that "repeated violations of [defendant's] supervised release, his admitted abuse of controlled substances, and his demonstrated inability to rehabilitate himself through outpatient drug treatment led the District Court to reasonably conclude that [defendant] needed to be kept out of reach of the instruments of his addiction").

Furthermore, contrary to Beamon's argument, the district court did not base the revocation sentence solely on the incidents of a single morning (though it would not have been error to do so). Rather, the court reviewed all of the evidence and gave weight to Beamon's multiple violations of the terms of his supervised release. Because the district court properly accounted for the totality of Beamon's circumstances, "state[d] a proper basis for its conclusion that" Beamon should receive an upward variance, and imposed a sentence within the statutory maximum, we conclude that the sentence imposed was not plainly unreasonable. *Slappy*, 872 F.3d at 207.

Accordingly, we affirm the district court's judgments. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*